# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4004

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Teodoro Mercado, also known as | * |
| Robert Balbuena, | * |
| | * |
| Appellant. | * |

_____

No. 02-4006

_____

Appeals from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Daniel Ramos Espinoza, | * |
| | * |
| Appellant. | * |

_____

Submitted: May 13, 2003

Filed:  May 22, 2003

_____

Before WOLLMAN and BEAM, Circuit Judges, and NANGLE,[1] District Judge.
_____

PER CURIAM.

Teodoro Mercado ("Mercado") and Daniel Ramos Espinoza ("Espinoza") were charged in a one-count indictment with possession with intent to distribute more than 500 grams of cocaine and 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Mercado pleaded guilty, and the district court[2] sentenced him to 97 months' imprisonment and five years of supervised release. After a jury trial, Espinoza was sentenced to 135 months' imprisonment and five years of supervised release. Espinoza appeals his conviction and both Mercado and Espinoza appeal their sentences.

Mercado and Espinoza were in a U-Haul truck on Interstate 80 in Nebraska when a Nebraska State Patrol officer stopped the truck for following another car too closely. After receiving consent from both Mercado and Espinoza to search the truck, the officer found 3.36 kilograms of cocaine and 191.4 kilograms of marijuana hidden in the storage compartment. Mercado pleaded guilty to possession of cocaine and marijuana with intent to distribute. Espinoza pleaded not guilty and went to trial.

Mercado argues that the district court erred in failing to decrease his offense level by three levels for acceptance of responsibility, pursuant to United States Sentencing Guidelines Manual § 3E1.1 ("U.S.S.G."). We review a denial of an acceptance of responsibility reduction for clear error. United States v. Ervasti, 201

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the Report and Recommendation of United States Magistrate Judge David L. Piester.

F.3d 1029, 1043 (8th Cir. 2000). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. n.5. After carefully reviewing the record, we find that the district court did not clearly err when it refused to grant Mercado an acceptance of responsibility reduction. Mercado is not entitled to this reduction as a matter of right just because he pleaded guilty, U.S.S.G. § 3E1.1, cmt. n.3, and questions remained about the truthfulness of Mercado's testimony at Espinoza's trial.[3]

Espinoza claims that the evidence presented at trial was insufficient to show that he knowingly and intentionally possessed marijuana and cocaine with the intent to distribute and that the district court erred in denying his request for a four-level reduction, because he was a minor participant in the criminal activity, under U.S.S.G. § 3B1.2. To succeed on his sufficiency of the evidence claim, Espinoza has a strict standard to pass – he must show that no reasonable trier of fact could have found him guilty beyond a reasonable doubt, based on the evidence adduced at trial. United States v. Francis, No. 02-2006, slip op. at 6 (8th Cir. Apr. 28, 2003). In determining the sufficiency of the evidence, we review the evidence in the light most favorable to the government. Id. We hold that Espinoza has failed to meet the standard set forth in Francis. The evidence supports the jury's finding that Espinoza knowingly and intentionally possessed the drugs.

Espinoza's minor participant argument fails as well. We review the district court's refusal to grant a minor-participant reduction for clear error. United States v. Correa, 167 F.3d 414, 416 (8th Cir. 1999). The district court did not clearly err in finding Espinoza as culpable as Mercado.

Accordingly, we affirm.

---

[3]"[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. n.1(a).

A true copy.

       Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.