# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3351

_____

United States of America,

    Appellee,

  v.

Minh Van Nguyen,

    Appellant.

\*   Appeal from the United States
\*   District Court for the Northern
\*   District of Iowa.

_____

Submitted: May 13, 2003

Filed: August 7, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Minh Van Nguyen appeals his sentence for conspiracy to distribute and possession with intent to distribute more than 500 grams of methamphetamine. Specifically, Nguyen challenges the district court's[1] denial of his request for a three-level reduction for acceptance of responsibility. For the reasons stated herein, we affirm.

_____

[1] The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

## I. *Facts*

Nguyen contends he adequately accepted responsibility to qualify for a reduced sentence. The facts show otherwise. The government first arraigned and detained Nguyen on March 31, 2000, in the Northern District of Iowa. Following a second detention hearing, the court released him on electronic monitoring, subject to home detention. The court set trial for November 20, 2000. Just under a month before trial, Nguyen absconded.

According to his own account, Nguyen stayed on the run for over fifteen months. On January 18, 2002, police arrested Nguyen in Sioux City, Iowa, on an unrelated misdemeanor charge. Nguyen did not reveal his identity to the police, but instead used his brother's name and identification information when the police booked him. Unaware of Nguyen's true identity, the Sioux City police released him. Five days later, Kansas highway patrolmen stopped and arrested Nguyen. Nguyen again used his brother's name and identification information, but the officers soon discovered his true identity.

Following Nguyen's arrest in Kansas, the Iowa federal district court rescheduled trial for April 29, 2002. The government prepared for trial. However, with only four days remaining before trial, Nguyen pleaded guilty. The district court accepted his plea.

At sentencing, the only disputed issue was whether Nguyen qualified for an offense-level reduction for acceptance of responsibility. Nguyen gave a safety-valve debriefing in an attempt to qualify for the judicial safety-valve reduction under 18 U.S.C. § 3553(f) (2000). The presentence investigation report did not provide for an adjustment for acceptance of responsibility. In fact, the government recommended a two-level upward adjustment for obstruction of justice because Nguyen absconded while on pretrial release. Task Force Officer Dave Drew testified that he thought Nguyen had been honest in his debriefing, but that Nguyen had not provided the

officers with any new or useful information. Nguyen was unable to persuade the district court that his case merited a reduction. The district court found that Nguyen engaged in an ongoing effort to obstruct justice and did not voluntarily surrender after absconding while on pretrial release. The district court sentenced Nguyen to 188 months' imprisonment followed by five years of supervised release. Nguyen now appeals the denial of the reduction for acceptance of responsibility.

## II. *Analysis*

Nguyen argues that the district court erred in denying his request for a three-level sentence reduction for acceptance of responsibility. Ordinarily, a two-level enhancement for obstruction of justice precludes the reduction Nguyen requested. However, Nguyen argues he should be entitled to the reduction because his case presents "extraordinary" circumstances sufficient to overcome the preclusion. These circumstances, Nguyen argues, include his admission of wrongdoing by pleading guilty to the charged crime, providing information–including personally detrimental information–to the authorities to aid in the investigation of other drug crimes, and cooperating with the police. He further asserts that although he obstructed justice by absconding, he subsequently redeemed himself by pleading guilty and cooperating with police, thus distinguishing his case from others in which the courts denied the reduction. We disagree.

We review construction of the Guidelines de novo. *United States v. Esparza*, 291 F.3d 1052, 1054 (8th Cir. 2002). We review the district court's findings with respect to the acceptance of responsibility reduction and the obstruction of justice increase for clear error. *United States v. Boettger*, 316 F.3d 816, 817 (8th Cir. 2003); *United States v. Ervasti*, 201 F.3d 1029, 1043 (8th Cir. 2000). A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation. *United States v. Arellano*, 291 F.3d 1032, 1034–1035 (8th Cir. 2002); *United States v. Ngo*, 132 F.3d 1231, 1233 (8th Cir.

1997). *See also* U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n.5 (2002) (determination of sentencing court entitled to great deference). A defendant has the burden to show that he is entitled to a reduction for acceptance of responsibility. *Ngo,* 132 F.3d at 1233.

After a guilty plea, a defendant may obtain as much as a three-level reduction for cooperative conduct. To qualify for a two-level reduction, he must "clearly demonstrate acceptance of responsibility." U.S. Sentencing Guidelines Manual (hereinafter U.S.S.G.) § 3E1.1 (2002). An additional one level decrease can be gained–for a total of three–if the defendant timely provides complete information to the government concerning his involvement in the offense *and* timely notifies the authorities of his intention to enter a guilty plea. To be timely, the plea should enable the government to avoid unnecessary trial preparation and aid the court to allocate its resources efficiently. Clear acceptance of responsibility generally is not present when a defendant's conduct results in an enhancement for obstruction of justice under U.S.S.G. § 3C1.1 (2002) as it did here. U.S.S.G. § 3E1.1, cmt. n. 4. In certain "extraordinary cases," the court may adjust for both provisions. *See United States v. Honken,* 184 F.3d 961, 969 (8th Cir. 1999). However, these cases are "extremely rare." *Id*.

Nguyen's case is not "extraordinary," and we find no error in the district court's refusal to grant him a two- or three-level criminal offense level reduction. In *Honken*, we addressed factors that make a case "extraordinary." There the district court determined that the case was extraordinary because the defendant had not obstructed justice after he pleaded guilty, although he had obstructed justice prior to pleading guilty.[2] However, on appeal we held that the district court applied an inconsistent

---

[2] We noted that the district court adopted a "bright-line definition" of "extraordinary case" when it pulled language from a Ninth Circuit case, *United States v. Hopper,* 27 F.3d 378 (9th Cir. 1994), that indicated that lack of obstruction between the guilty plea and sentencing qualifies as an "extraordinary case" subject

legal standard in light of the plain language of the Guidelines commentary and the prior decisions of this court and other courts of appeal.

To better define the qualifications of an "extraordinary case," we listed various considerations for the district court to use to determine whether the reduction could apply. We noted that although "there is no magic formula," the district court should consider the timing and nature of the defendant's obstructive conduct; the degree of his acceptance of responsibility; whether his obstruction of justice was an isolated and early incident; whether he voluntarily terminated his obstructive conduct; whether he admitted and recanted his obstructive conduct; and whether he assisted in the investigation of his and others' offenses. *Honken*, 184 F.3d at 968–69; *see also United States v. Stoltenberg*, 309 F.3d 499, 500 (8th Cir. 2002). We further explained that because the Sentencing Guidelines do not define the phrase "extraordinary case," the term should be given its ordinary meaning.[3] Finally, we concluded that "a defendant must show more than a guilty plea and a cessation of obstructive conduct to establish an "extraordinary case" for purposes of § 3E1.1, application note 4." *Honken*, 184 F.3d at 970.

---

to the three-level reduction in U.S.S.G. § 3E1.1.

[3] To define "extraordinary case," we referred to Webster's Dictionary, Black's Law Dictionary, and other sections of the Sentencing Guidelines for a common definition of "extraordinary." We stated:

> Contrary to the plain meaning of "extraordinary" the district court standard does not require the obstructive defendant to do anything that is "more than ordinary," or to go "beyond what is usual, regular, common, or customary" to earn an acceptance of responsibility downward departure. *Webster's Dictionary* at 807.

*Honken*, 184 F.3d at 970.

Simply put, there is nothing extraordinary about Nguyen's case. In light of the *Honken* factors, Nguyen's argument fails.[4] Nguyen's obstruction was ongoing; he did not voluntarily turn himself in; he used his brother's identification on two occasions to avoid arrest and return to Iowa; and he did not clearly accept responsibility for, or recant, his obstructive conduct. In addition, Nguyen did not plead guilty to the charged crime until four days before trial, thus making it an "eleventh-hour jailhouse conversion" before which the prosecution had to begin preparing for trial. *United States v. Johnston*, 973 F.2d 611, 614 (8th Cir. 1992).[5]

The sentence is affirmed.

---

[4]*See also United States v. Dortch*, 923 F.2d 629 (8th Cir. 1991) (court determined case was not extraordinary although defendant voluntarily surrendered to authorities, acquiesced in the forfeiture of his vehicle, cooperated with the probation officer, withdrew his motion to suppress evidence and statements, and entered a guilty plea because defendant also made false exculpatory statements at the time of his arrest, justified his involvement with cocaine as a means of supporting his family, and did not supply any information about others.); *Johnston*, 973 F.2d 611 (court upheld district court's denial of reduction although defendant pleaded guilty and did not obstruct justice after the plea because defendant obstructed justice by destroying marijuana plants, fleeing from Iowa, and attempting to procure a false alibi.); *Boettger*, 316 F.3d 816 (court denied reduction for acceptance of responsibility although enhancement for obstruction of justice was not a factor because defendant absconded twice during the course of his case and continued to use drugs while awaiting trial.)

[5] This is particularly important because we have noted that pleading guilty is not necessarily motivated by remorse or "clear acceptance of guilt," but instead "may be motivated by a myriad of factors." *Ervasti*, 201 F.3d at 1044.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.