# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2773

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa |
| Robert Francis Meggers, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 19, 2004

Filed: March 19, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Robert Meggers appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa upon his guilty plea to possession of firearms by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3) (Count 1); possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 2); and possession of an unregistered short-barrel shotgun, in violation of 26

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

U.S.C. §§ 5841, 5861(d), and 5871 (Count 3).  The district court sentenced Meggers to concurrent 120-month prison terms on Counts 1 and 3, and 120 months on Count 2 with 15 months to be consecutive to the Count 1 sentence and the remainder to be concurrent, plus 3 years supervised release. Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing for reversal that the district court erred in denying an acceptance of responsibility reduction.  In his pro se supplemental brief, Meggers asserts that he did not get proper representation from his appointed counsel.  For the reasons discussed below, we affirm the judgment of the district court.

We hold that the district court did not clearly err in finding that Meggers obstructed justice and failed to accept responsibility, given that he did not appear for sentencing on May 6, 2003, and he violated additional pretrial release conditions. See U.S.S.G. §§ 3E1.1, comment. (n.4) (conduct supporting obstruction of justice enhancement ordinarily indicates defendant has not accepted responsibility), 3C1.1, comment. (n.4(e)) (obstructing justice includes willfully failing to appear for judicial proceeding); United States v. Nguyen, 339 F.3d 688, 690 (8th Cir. 2003) (standard of review); United States v. Shinder, 8 F.3d 633, 635 (8th Cir. 1993) (defendant's presentencing flight was sufficient ground to both apply obstruction of justice enhancement and deny acceptance of responsibility reduction). We decline to address Meggers's ineffective assistance claims, as they are more appropriately raised in a 28 U.S.C. § 2255 proceeding where a record can be fully developed. See United States v. Clayton, 210 F.3d 841, 845 n.4 (8th Cir. 2000).

Following our independent review of the record, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____