# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3449

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | United States District Court |
| | * | for the Northern District |
| v. | * | of Iowa. |
| | * | |
| Kamie Jo Van Zee, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 18, 2004
Filed: July 1, 2004

_____

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Kamie Van Zee appeals her sentence for possessing a firearm as a drug user and possessing methamphetamine. Van Zee asserts the district court[1] erred in refusing to depart downward. We affirm.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

## I.    BACKGROUND

Van Zee was sentenced to state-ordered probation for a felony drug offense (distributing LSD) in September 1999.  In December 2000, she was charged with disorderly conduct following a bar fight in Sioux Center, Iowa.  In December 2001, Van Zee obtained her father's firearm and threatened to commit suicide.  The police were called, and they discovered she was high on methamphetamine.  A pat-down search of Van Zee revealed methamphetamine.  Soon after, Van Zee completed a drug rehabilitation program and was sent to a half-way house.  Van Zee was kicked out of the half-way house as a result of marijuana use.

In October 2002, federal authorities charged Van Zee, in a three-count indictment, with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possessing a firearm as a drug user in violation of 18 U.S.C. § 922(g)(3); and possession of methamphetamine in violation of 21 U.S.C. § 844(a).  Van Zee pled guilty to one of the firearm counts and the possession count.  Before sentencing, Van Zee moved for a downward departure due to extraordinary rehabilitative efforts.  Van Zee argued that, since the time of her ejection from the half-way house, she has cleaned up her life, gotten off of drugs, held a steady job with Pizza Hut, and regained custody of her daughter.

The district court denied the departure, noting that post-offense rehabilitation departures were reserved for extraordinary cases, not for someone "who had previously been convicted in state court of a controlled substance and was on probation and then in December of 2000 was arrested for disorderly conduct and in December [2001] arrested for possession of a gun and methamphetamine." (Sentencing Transcript at 38).

Van Zee was sentenced to concurrent sentences of 30 months-imprisonment plus three years supervised release on Count 2, and 24 months plus one year of

supervised release on Count 3. Van Zee argues the district court erred in refusing to depart downward based on extraordinary pre-indictment, post-offense rehabilitative efforts.

## II.  DISCUSSION

A decision by the district court not to depart is generally unreviewable, unless the district court has an unconstitutional motive, or erroneously believed it was without authority to depart. United States v. Dabney, 367 F.3d 1040, 1044 (8th Cir. 2004). Van Zee argues that the district court did not realize it had the discretion to depart. We have reviewed the record and disagree. It appears that the district court felt that this case was not "extraordinary" because Van Zee had an extensive prior history with drugs. The district court did not have an unconstitutional motive or erroneously believe it was without authority to depart downward. Thus, its decision is unreviewable.

## III.  CONCLUSION

We affirm.

_____