# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1750

_____

United States of America,           *
                                       *
           Appellee,          *
                                       *   Appeal from the United States
          v.                 *   District Court for the
                                     *   District of Nebraska.
Jose Barajas-Perez,            *
                                     *   [UNPUBLISHED]
           Appellant.        *

_____

Submitted:  July 6, 2004
      Filed:   November 26, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jose Barajas-Perez (Jose) appeals the sentence the district court imposed after he pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. At issue is the district court's denial of a sentencing reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We reverse.

The relevant facts underlying this appeal relate to a March 7, 2002 controlled drug purchase from Jose and co-defendant Maria Borja (Jose's common law wife) in a Wal-Mart parking lot. Jose admitted that the transaction was part of an agreement

with others to buy and sell drugs in Nebraska. During the March 7 transaction, Jose's nephew David Barajas-Perez (David) was in another vehicle in a nearby parking lot. While Jose was in the course of completing the transaction, he made five to eight calls from his cell phone to David's cell phone. At one point, Jose drove his vehicle to where David was parked, exited his vehicle, and approached David to speak with him; Jose then returned to his vehicle. When Jose and Borja were apprehended by officers, David left the scene in his vehicle. David was subsequently arrested and charged along with Jose and Borja.

After Jose had pleaded guilty, but before he was sentenced, Jose was called as a witness at David's criminal trial. As relevant, Jose testified in detail regarding the drug transaction, steadfastly maintaining that David did not know about and was not involved in the transaction or conspiracy. Essentially, Jose testified as follows. David had temporarily moved to Jose's house the day before the March 7 transaction, because David's utilities had been terminated; Jose agreed that because David had only illegal identification and was an illegal alien, Jose would put the gas bill in his name. On March 7, Jose had arranged for David (on his lunch break from work), to follow Jose and Borja in his vehicle to take care of David's gas bill. Jose intended to rendezvous with the drug buyer and steal the money without providing the drugs, and to then go to the gas company to take care of David's bill. Jose never told David about the planned drug transaction, and did not ask David to act as a lookout. The rendezvous for the drug transaction ended up taking an extensive amount of time. During this time, David called Jose's cell phone on several occasions to inform Jose that David was in a "big rush" and "had to return to work"; during these conversations, Jose never told David that he was engaging in a drug transaction. At one point, Jose went to David's truck and told him to wait for a little bit because he was "handling a business," but again Jose did not tell David that he was engaged in a drug transaction; he did not use his cell phone to call David this time because the battery had died. David's trial resulted in a hung jury.

At Jose's February 2003 sentencing hearing, the district court assessed whether to impose an obstruction-of-justice enhancement, see U.S.S.G. § 3C1.1, to which Jose had objected, and whether to grant an acceptance-of-responsibility reduction. As to the enhancement, the government argued that Jose had obstructed justice by lying at David's trial about David's role in the conspiracy. But the court noted that David's trial had resulted in a hung jury and some reasonable jurors "must have believed all or a portion of what David and [Jose] said." The court then sustained Jose's objection, stating:

> I sustain the objection. Viewing these statements, the guidelines, in essence, I'm not quoting them now, the commentary to the guidelines make clear that I have got to look at statements such as this in a light essentially favorable to the party making the statement, and, of course, the motivating factor for that interpretative principle is at least twofold: One, we don't want to penalize people for speaking the truth; as they know it, and two, we certainly don't want to inhibit co-defendants testifying for or against other defendants, and with that in mind, I conclude the Government . . . has not persuaded me the obstruction of justice enhancement is proper.

The district court, however, did not grant Jose an acceptance-of-responsibility reduction, stating:

> Because the defendant, with respect to the acceptance of responsibility issue, has the responsibility of clearly demonstrating acceptance of responsibility, and among other things, establishing by the greater weight of the evidence that he's truthfully admitted to conduct comprising the offenses of conviction and truthfully admitted or not falsely denied additional relevant conduct for which the defendant would be accountable, I find that the defendant has not persuaded me by the greater weight of the evidence that he's accepted responsibility, and I therefore deny the objection to that extent.

This court reviews for clear error the denial of an acceptance-of-responsibility reduction. See U.S.S.G. § 3E1.1, comment. (n.5) (sentencing court entitled to great deference on review because it is in unique position to evaluate defendant's acceptance of responsibility); United States v. Perez, 270 F.3d 737, 739 (8th Cir. 2001) (clear-error standard of review), cert. denied, 535 U.S. 945 (2002). A defendant is entitled to a reduction in offense level if he "clearly demonstrates acceptance of responsibility for his offense," see U.S.S.G. § 3E1.1(a), but the defendant bears the burden of proving that he is entitled to such a reduction, see United States v. Nguyen, 339 F.3d 688, 690 (8th Cir. 2003). In determining whether a defendant qualifies for this reduction, appropriate considerations include the following:

> truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.

See U.S.S.G. § 3E1.1, comment. (n.1(a)).

There appears to be no dispute that Jose testified truthfully about his own conduct. As is evident from the district court's decision not to impose the obstruction-of-justice enhancement, the court never concluded that Jose had made false statements. Moreover, contrary to the government's assertion, the record does not reveal that Jose agreed with the prosecutor at the plea hearing that David was a lookout. Rather, through an interpreter and his lawyer, Jose appeared to agree that

the evidence recited by the prosecutor (including the prosecutor's version of David's role) would "go before the jury." As to the Government's reliance on <u>United States v. Mercado</u>, 64 Fed. Appx. 599, 600 (8th Cir.) (unpublished per curiam), <u>cert. denied</u>, 124 S. Ct. 584 (2003), we conclude <u>Mercado</u> is not dispositive of the acceptance-of-responsibility issue under the facts of this case.

Given that Jose testified truthfully as to his part in the criminal offense, and the district court did not find that he had lied at David's trial, we find that the court clearly erred in denying Jose an acceptance-of-responsibility reduction. Accordingly, we vacate Jose's sentence and remand this case to the district court for further proceedings consistent with this opinion.

_____