# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1896

———————

United States of America,     *
                        *

Appellee,     *
                        *    Appeal from the United States

v.     *    District Court for the Northern
                        *    District of Iowa.

Wesley Eric Card,     *
                        *

Appellant.     *

———————

Submitted: October 18, 2004
Filed: December 9, 2004

———————

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

———————

RILEY, Circuit Judge.

A father's obligation to support his child, when able, is fundamental. Supporting one's child is the essence of being a responsible adult. Wesley Eric Card (Card) flunked this test and pled guilty to two counts of willful failure to pay child support, in violation of 18 U.S.C. §§ 228(a)(3) and (c)(2). The district court[1] sentenced Card to 21 months imprisonment. Card appeals, arguing the district court

———————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

erred in denying him a sentence reduction for acceptance of responsibility. We affirm.

## I.     BACKGROUND

On June 24, 1988, Card's marriage to his wife, Lynn, was dissolved in a Minnesota state court. The dissolution decree ordered Card to pay $348.48 per month in child support. Card made child support payments for six months in 1988, but never made another payment. As of April 14, 2004, Card owed Lynn unpaid child support totaling $119,533.54. On December 10, 1996, an Iowa state court ordered Card to pay child support to Janine Trostheim (Trostheim) for support of their daughter, Jessica. This obligation ended on August 16, 2000, when Jessica turned eighteen years old. As of April 14, 2004, Card owed Trostheim $18,622.00 in unpaid child support.

Card was indicted on two counts of failure to pay support for a child who resides in another state, in violation of 18 U.S.C. §§ 228(a)(3) and (c)(2). On November 5, 2003, Card appeared before a United States magistrate judge[2] to plead guilty; however, the magistrate judge adjourned the hearing after concluding Card had not said anything to suggest he accepted responsibility for his offenses or that he was pleading guilty. On November 6, 2003, Card again appeared before the magistrate judge to plead guilty. The government informed the court of the evidence it would present if Card chose to go to trial, including information Card had the ability and equipment to work, but "avoided obtaining any assistance or evaluation in order to assist him in obtaining . . . employment." When the court asked how much of the government's account was true, Card replied, "All of it," and thereafter Card pled guilty. The district court accepted Card's guilty plea.

---

[2]The Honorable John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa.

The United States Probation Office prepared a presentence investigation report (PSR), which recommended denial of a two-level reduction to Card's offense level for acceptance of responsibility. Card objected to the recommendation, and the government recommended the acceptance-of-responsibility reduction. At sentencing, the district court denied the acceptance-of-responsibility reduction, U.S.S.G. § 3E1.1(a), finding Card had willfully failed to pay child support, and had not terminated this criminal conduct or otherwise changed his conduct at all.[3] The court

---

[3]The district court observed:

One of the factors that the Court must consider under 3E1.1 is voluntary termination or withdrawal from criminal conduct, voluntary payment of restitution. The situation with this Defendant is there is absolutely no medical evidence that I have come across that says that he cannot work.

He was offered an opportunity to go through a vocational assessment. He refused to do that. He's not paid anything toward his child support while this case has been pending. He hasn't applied for disability compensation, which he could use to apply to his obligations to his children. And I think his conduct of just disregarding his responsibilities to these children that he helped create continues.

. . . .

There's not a shred of evidence in the record that he has made any attempt to make any payments on this support obligation, that he's gone out and looked for a job or that he has any restrictions on his abilities to work or that anything that he relates as being wrong with him keeps him from working.

. . . .

I believe that his–his conduct while this case has been pending outweighs merely coming in and giving a plea of guilty. I don't think that he has changed his behavior at all. I believe he is not entitled to acceptance of responsibility because he has not terminated his criminal conduct, which–his conduct is the same as what brought him to this Court, and that is willfully not paying his child support, so I'm not going to give him acceptance.

sentenced Card to two, concurrent 21-month prison terms. Card appeals, arguing he is entitled to the reduction, because the evidence was insufficient to show his post-indictment non-payment of child support was willful.

## II.    DISCUSSION

"Whether a defendant qualifies for a role reduction is a question of fact," which "is reviewed under a clearly erroneous standard." United States v. Speller, 356 F.3d 904, 906-07 (8th Cir. 2004) (citations omitted). "A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation." United States v. Nguyen, 339 F.3d 688, 690 (8th Cir. 2003); see also U.S.S.G. § 3E1.1, cmt. n.5 (2003).

Card has the burden to demonstrate he should receive the reduction for acceptance of responsibility. Nguyen, 339 F.3d at 690. The United States Sentencing Guidelines provide for a reduction in a defendant's offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). However, a guilty plea does not entitle a defendant to the adjustment as a matter of right. Id. cmt. n.3. The pivotal issue is whether the defendant shows "a recognition and affirmative responsibility for the offense and sincere remorse." United States v. Nguyen, 52 F.3d 192, 194 (8th Cir. 1995) (citation omitted). The purpose of the reduction is to distinguish "a sincerely remorseful defendant from a defendant not manifesting penitence." United States v. Knight, 905 F.2d 189, 192 (8th Cir. 1990).

We find no clear error with the district court's denial of a two-level reduction for acceptance of responsibility. While a guilty plea combined with a truthful admission of the conduct comprising the offense constitute sufficient evidence of acceptance of responsibility, this evidence may be outweighed by conduct inconsistent with accepting responsibility. U.S.S.G. § 3E1.1, cmt. n.3. At the guilty plea hearing, Card admitted he was able to work. The district court observed Card

-4-

had not attempted to make support payments, had not looked for a job, had not presented a "shred" of evidence he could not work, and had not sought disability compensation from which he could have paid child support. The court concluded Card had not terminated his criminal conduct of willful failure to pay child support. Further, Card provided no evidence he had changed his behavior after being indicted. Because Card did not meet his burden to show he was entitled to a reduction for acceptance of responsibility, the district court's findings were not "so clearly erroneous as to be without foundation." See Nguyen, 339 F.3d at 690. In fact, the district court's findings and judgment are well founded.

## III.  CONCLUSION

Because the district court did not clearly err in denying Card a reduction for acceptance of responsibility, we affirm the district court's judgment.

_____