# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1886

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Cordell Richard Seagren,　　　　　 *
　　　　　　　　　　　　　　　　　*　　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　　*

_____

Submitted: January 6, 2005
Filed: June 22, 2005

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Cordell Richard Seagren appeals the sentence imposed by the district court[1] after he pleaded guilty to a fraud charge. Seagren argues that the district court erred in denying his requests for a sentencing continuance, an acceptance-of-responsibility reduction, and a downward departure, and that the court erroneously relied on the 1995 Sentencing Guidelines in finding that two prior sentences were not related for purposes of his criminal history score. Seagren also argues that denial of a downward

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

departure and acceptance of responsibility credit and the calculation of his criminal history score violate his rights under Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). We affirm.

Upon careful review of the record, we conclude that the district court did not clearly err in denying Seagren an acceptance-of-responsibility reduction, based on the court's findings that Seagren minimized his conduct and attempted to shift blame to others, that he lied about intending to repay the victims, and that his professed lack of intent to defraud was inconsistent with his guilty plea. See U.S.S.G. § 3E1.1, cmt. n.1(a) (1995); United States v. Card, 390 F.3d 592, 594-95 (8th Cir. 2004). We also conclude that the district court did not plainly err in applying the Guidelines in effect when the instant offense began, see United States v. Comstock, 154 F.3d 845, 847 (8th Cir. 1998), and that, given the existence of an intervening arrest, the court correctly determined Seagren's November 1990 and January 1991 sentences were not related for criminal history purposes, see U.S.S.G. § 4A1.2, cmt. n.3 (1995). As to the district court's denial of Seagren's request for a continuance, which Seagren claimed was necessary so he could obtain financial documents showing his 1990 and 1991 sentences were factually related, we find that Seagren failed to show he was prejudiced by the court's decision. See United States v. Thurmon, 368 F.3d 848, 851 (8th Cir. 2004) (refusing to address whether district court abused its discretion in denying defendant's motion to continue trial because he failed to show resulting prejudice). Finally, the district court's decision to deny Seagren a downward departure was an exercise of discretion that we do not review on appeal, see United States v. Van Zee, 373 F.3d 869, 870 (8th Cir. 2004).

Turning to Seagren's claim that there is some type of Booker/Blakely error in this case, we first note that the defendant made no claim of a Sixth Amendment violation at the time of sentencing. The defendant first raised this issue in his reply brief. Assuming the Booker claim can be raised in a reply brief, we deny defendant's request to be resentenced. Since error was not preserved, this case is analyzed under

a plain error standard. <u>United States v. Pirani</u>, 406 F.3d 543 (8th Cir. 2005). Based upon the court's independent review of the sentencing transcript in this case, it is clear that there is no reasonable likelihood that the defendant would have received a lower sentence had the district court understood the sentencing guidelines were advisory. <u>See</u> <u>Pirani</u> 406 F.3d at 551. In fact, the district judge sentenced Mr. Seagren at the top of the federal sentencing guideline range and indicated that he would have been inclined to depart upward, but for the fact that he had not given notice of his intent to depart prior to the sentencing hearing.

Accordingly, we affirm the judgment of the district court.

_____