# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3810

_____

United States of America,          *
                                  *

        Plaintiff - Appellee,    *

                                  *  Appeal from the United States

     v.                          *  District Court for the
                                  *  Northern District of Iowa.

Kareem Damoe Lee, also known as Boo,*

                                  *    [UNPUBLISHED]

        Defendant - Appellant.   *

_____

Submitted: April 20, 2006
Filed: April 28, 2006

_____

Before LOKEN, Chief Judge, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Kareem Damoe Lee pleaded guilty to one count of conspiracy to distribute more than fifty grams of cocaine base and more than 500 grams of cocaine salt between June 2003 and August 2004. The district court[1] sentenced him to 360 months of imprisonment, followed by five years of supervised release. We affirm.

On appeal, Lee claims his constitutional rights were violated when the district court engaged in fact-finding using the preponderance-of-the-evidence standard. We

_____

[1]The Honorable Linda R. Reade, United States District Court for the Northern District of Iowa.

review this constitutional claim de novo. United States v. Wade, 435 F.3d 829, 831 (8th Cir. 2006). Lee's claim, however, is without merit because we have held judicial fact-finding alone does not constitute a violation of a defendant's Sixth or Fifth Amendment rights. United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc) (finding no Sixth Amendment violation); United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006) (holding no Fifth Amendment error occurs when the district court engages in judicial fact-finding). Additionally, no Fifth Amendment violation occurred because Lee was aware of the maximum penalty under the statute, and he was sentenced below the maximum. See United States v. Oates, 427 F.3d 1086, 1090 (8th Cir. 2005) (noting the Fifth Amendment requires a defendant to be aware of the statutory maximum for the charged offenses).

Additionally, Lee claims the district court violated his Fifth Amendment rights by sentencing him severely after invoking his Fifth Amendment right not to testify at sentencing. See Mitchell v. United States, 526 U.S. 314, 326 (1999) (holding defendants may assert the right to remain silent at sentencing). This issue, raised for the first time on appeal, is reviewed for plain error. United States v. Boone, 437 F.3d 829, 840 (8th Cir. 2006). Although Lee is correct in asserting the district court is not permitted to draw "adverse inferences" from the exercise of his right to remain silent, United States v. Rodriguez, 116 F.3d 1225, 1226 (8th Cir. 1997), his bald assertions the district court "developed an antagonistic attitude" following his refusal to testify are insufficient to meet his burden of proving plain error.

We also reject Lee's contention he should have received a downward departure for acceptance of responsibility. We give great deference to the district court's determination of this factual issue and will only reverse for clear error. United States v. Londondio, 420 F.3d 777, 789-80 (8th Cir. 2005). Although Lee's plea of guilty "constitutes significant evidence of acceptance of responsibility, this evidence still may be outweighed by conduct of the defendant that is inconsistent with such acceptance." United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005)

(citing U.S.S.G. § 3E1.1 cmt. n.3). Despite pleading guilty, Lee vehemently denied possessing any drug quantities above the minimums listed in the indictment, and he denied possessing a firearm. As a result, the government was required to present witnesses and other evidence to establish drug quantity and the presence of the firearm. Further, the denials show Lee did not adequately accept responsibility for his actions or express remorse for committing the crime, and the district court did not err in refusing to apply the departure. See United States v. Card, 390 F.3d 592, 595 (8th Cir. 2004) ("The pivotal issue is whether the defendant shows 'a recognition and affirmative responsibility for the offense and sincere remorse.'") (quoting United States v. Nguyen, 52 F.3d 192, 194 (8th Cir. 1995)).

Finally, we review Lee's sentence for reasonableness, noting his sentence within the correctly-calculated Guideline range is presumptively reasonable. United States v. Sebastian, 436 F.3d 913, 915 (8th Cir. 2006). Further, we are not persuaded his sentence is unreasonable simply because the district court employed the Congressionally-mandated 100:1 ratio between cocaine base and powder cocaine in determining drug quantities. United States v. Cawthorn, 429 F.3d 793, 803 (8th Cir. 2005) (holding "sentencing within the Guidelines based on the crack-powder disparity is not inherently unreasonable"). Because his sentence satisfies the factors found in 18 U.S.C. § 3553(a), we find it reasonable and affirm the district court.

_____