# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3909

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Juan Mojica-Almaguer, also known as | * | |
| Andres Perez-Perez, also known as | * | [UNPUBLISHED] |
| Jose Dejesus Hurtado, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 4, 2006
Filed: December 7, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Juan Mojica-Almaguer appeals the sentence the district court[1] imposed after a jury found him guilty of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). He argues that the district court erred at sentencing in refusing to grant a 2-level reduction in his offense level for acceptance of responsibility. We reject this argument and affirm Mojica-Almaguer's sentence.

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

The district court's finding--that Mojica-Almaguer's case was not one of the rare cases when an acceptance-of-responsibility reduction is appropriate for a defendant who has gone to trial--is not "so clearly erroneous as to be without foundation." See United States v. Card, 390 F.3d 592, 594-95 (8th Cir. 2004) (standard of review). Mojica-Almaguer put the government to its burden of proof at trial, cross-examined witnesses, contested evidence, and moved for a judgment of acquittal on the basis that the government had failed to establish one of the factual elements of the charged crime. See United States v. Cordero, 465 F.3d 626, 631-32 (5th Cir. 2006) (affirming denial of reduction for accepting responsibility where defendant, in addition to moving to suppress evidence against him, did not stipulate to all evidence necessary for conviction and instead put government to its burden of proof, and moved for judgment of acquittal at end of trial on grounds that government failed to prove its case beyond reasonable doubt); United States v. Stuart, 923 F.2d 607, 613 (8th Cir. 1991) (statements made by defendant acknowledging his guilt during presentence interview and during allocution at sentencing did not entitle him to reduction in offense level for acceptance of responsibility). We also reject Mojica-Almaguer's argument that U.S.S.G. § 3E1.1 punishes a defendant for exercising his constitutional right to trial. See United States v. Smith, 40 F.3d 933, 935 (8th Cir. 1994).

Accordingly, we affirm.

_____