# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2260

_____

United States of America,           *
                                     *
             Appellee,               *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   Northern District of Iowa.
Thomas Alfred Brydon,                *
                                     *        [UNPUBLISHED]
             Appellant.              *

_____

Submitted: April 2, 2007
Filed: April 10, 2007

_____

Before RILEY, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Thomas Alfred Brydon (Brydon) challenges the 210-month sentence imposed by the district court[1] following his guilty plea to conspiracing to manufacture methamphetamine. He argues the district court erred by treating him as a career offender and declining to sentence him below his advisory United States Sentencing Guidelines range based on his extraordinary post-offense, pre-arrest rehabilitation.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We disagree. The district court correctly concluded Brydon qualified as a career offender based on his Iowa felony convictions for conspiring to deliver a controlled substance and operating a vehicle without the owner's consent. See U.S.S.G. § 4B1.1(a) (stating a defendant is a career offender if the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense"); United States v. Lindquist, 421 F.3d 751, 755 (8th Cir. 2005) (concluding an Iowa offense for operating a vehicle without the owner's consent is a crime of violence for purposes of the career-offender enhancement).

To the extent Brydon challenges the district court's refusal to depart from the applicable advisory Guidelines range, that matter is unreviewable because the court recognized its authority to depart but simply found Brydon's rehabilitation was not sufficiently extraordinary to warrant departure, and further, that departure would run afoul of the sentencing factors under 18 U.S.C. § 3553(a). United States v. Lynch, 477 F.3d 993, 998 (8th Cir. 2007); United States v. Van Zee, 373 F.3d 869, 870 (8th Cir. 2004) (holding discretionary decision not to grant departure is not reviewable unless the record shows the court failed to recognize its authority to depart or had an unconstitutional motive). As to the reasonableness of the sentence, the district court fully and explicitly considered the factors enumerated in 18 U.S.C. § 3553(a) in imposing Brydon's sentence and fashioned a sentence reflective of those factors. See United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (explaining an unreasonable sentence may be exhibited by the district court's failure to consider a relevant factor, by undue reliance on irrelevant factor, or by a clear error of judgment).

For these reasons, we affirm.

_____