# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1903

_____

United States of America,           *
                               *

        Appellee,         *

                               *   Appeal from the United States

     v.                      *   District Court for the Northern

                               *   District of Iowa.

William Chandler,            *

                               *   [UNPUBLISHED]

        Appellant.      *

_____

Submitted: August 3, 2007
Filed: August 14, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William Chandler appeals the sentence the district court[1] imposed upon his guilty plea to manufacturing and distributing 50 grams or more of methamphetamine, and to conspiring to distribute 50 grams of more of methamphetamine, having been previously convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Chandler was sentenced to serve concurrent prison terms of 126 months in prison on each count. His counsel has moved to withdraw and has filed a

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court should have granted Chandler an acceptance-of-responsibility reduction and sentenced him to the statutory minimum of 120 months in prison. In his pro se brief, Chandler argues that he was not guilty of distribution, and that being convicted of both the conspiracy and the substantive offense violates double jeopardy. We reject these arguments, and affirm.

We conclude that the district court did not clearly err in denying an acceptance-of-responsibility reduction: after pleading guilty Chandler absconded for 7 months, resulting in cancellation of his sentencing hearing, and he was later arrested on a methamphetamine-related drug charge; he did not clearly accept personal responsibility for his obstructive conduct; and he was unavailable to assist in prosecuting his codefendant. <u>See</u> <u>United States v. Nguyen</u>, 339 F.3d 688, 689-92 (8th Cir. 2003) (standard of review; district court did not err in refusing to grant reduction where one month before trial defendant absconded for 15 months, did not voluntarily turn himself in, and did not clearly accept responsibility for obstructive conduct); <u>United States v. Honken</u>, 184 F.3d 961, 968-69 (8th Cir. 1999) (in determining whether acceptance-of-responsibility reduction is warranted where defendant has obstructed justice, district court should consider timing and nature of obstructive conduct; degree of acceptance of responsibility; whether obstruction of justice was isolated and early incident; whether defendant voluntarily terminated obstructive conduct; whether defendant admitted and recanted obstructive conduct; and whether defendant assisted in investigation of his and others' offenses).

As to counsel's argument that Chandler should have received a sentence of 120 months, which we construe as an attack on the reasonableness of the sentence, nothing in the record suggests that Chandler's within-Guidelines sentence is unreasonable. <u>See</u> <u>United States v. Icaza</u>, Nos. 06-2882, 06-2883, 06-3003, 2007 WL 1976087 at *3 (8th Cir. July 10, 2007) (sentence within properly calculated Guidelines range is presumptively reasonable).

Finally, Chandler's guilty plea forecloses his contention that he is not guilty of the distribution conviction, see United States v. Staples, 435 F.3d 860, 864 (8th Cir. 2006) (valid guilty plea operates as waiver of all non-jurisdictional defects or errors), cert. denied, 127 S. Ct. 148 (2006), and his convictions for manufacturing and distributing methamphetamine and conspiracy to commit that crime do not violate double jeopardy, see United States v. Felix, 503 U.S. 378, 389 (1992) (substantive crime and conspiracy to commit that crime are not same offense for double jeopardy purposes).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm. We direct counsel to inform Chandler about the procedures for filing a petition for rehearing and for certiorari.

_____