# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2308

_____

United States of America,         *
         *
        Appellee,        *       Appeal from the United States
         *       District Court for the
     v.            *       Eastern District of Arkansas.
         *
Cory Shane Peacock,       *       [UNPUBLISHED]
         *
        Appellant.      *

_____

Submitted: September 28, 2007
Filed: November 14, 2007

_____

Before COLLOTON, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Cory Shane Peacock entered into a plea agreement with the Government, waived indictment and pled guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846 and possession of a firearm during a drug-trafficking offense in violation of 18 U.S.C. § 924(c). Under the terms of the plea agreement, Peacock agreed to plead guilty to the criminal information and cooperate with the Government while the Government agreed to consider filing a motion for a downward departure for

substantial assistance under United States Sentencing Guidelines § 5K1.1 and agreed that Peacock was eligible for a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  Paragraph 14 of the plea agreement explicitly stated that:

> A.  Defendant acknowledges and understands that if the defendant violates any term of this Agreement, [or] *engages in further criminal activity prior to sentencing*, . . . the United States shall have . . . the right to:
>> (1) terminate this Agreement; or
>> (2) proceed with Agreement and
>>> (a) deny any and all benefits to which the defendant would otherwise be entitled under the terms of the Agreement; and/or
>>> (b) advocate for any sentencing enhancement that may be appropriate.

(emphasis added).

While free on bond prior to sentencing, Peacock was arrested for manufacturing, possessing and tendering counterfeit currency.  At sentencing, the Government presented testimony establishing that Peacock had manufactured, possessed and tendered counterfeit currency.  Based on his continuing criminal activity, the Government asked the district court[1] to deny credit to Peacock for acceptance of responsibility, which it did.  The Government also did not file a § 5K1.1 motion for downward departure.  The district court sentenced Peacock to 360 months' imprisonment on the conspiracy count and a consecutive 60 months' imprisonment on the firearm count as required by § 924(c), for a combined sentence of 420 months' imprisonment.[2]

---

[1] The Honorable George Howard, Jr., now deceased, United States District Judge for the Eastern District of Arkansas.

[2] In the "Statement of the Case" section of his brief, Peacock states that the district court sentenced him to 300 months' imprisonment for the first count and 60

For the first time on appeal Peacock claims that he did not enter the guilty plea knowingly and voluntarily. Because Peacock did not raise this issue before the district court, we cannot consider it. *See United States v. Murphy*, 899 F.2d 714, 716 (8th Cir. 1990) (holding that a claim that a guilty plea was involuntary "first must be presented to the district court and [is] not cognizable on direct appeal"). Even if we were to address Peacock's argument, we would reject it. We have reviewed the Rule 11 colloquy, and we see no error in the district court's determination at the change of plea hearing that Peacock entered the plea knowingly and voluntarily. Only after he received a larger sentence than he expected did Peacock claim he did not knowingly and voluntarily enter the plea. Receiving a larger-than-expected sentence does not make the plea unknowing or involuntary. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (holding that a defendant could not withdraw his guilty plea simply because he received a greater sentence than he expected).

Peacock also argues that the Government misrepresented its intentions in the plea agreement when it stated that it would consider moving for a § 5K1.1 downward departure. Peacock, however, offers no evidence that the Government did not intend to abide by the plea agreement. Moreover, Paragraph 14 of the plea agreement specifically allowed the Government to "deny any and all benefits to which [Peacock] would otherwise be entitled," including the potential for receiving a downward departure motion for substantial assistance if Peacock engaged in further criminal activity, which he did.

---

months' imprisonment for the second count. After announcing the 420-month sentence and just prior to announcing the term of supervised release, the district court apparently misspoke and referred to a 360-month term of imprisonment. However, the initial pronouncement of the sentence as well as the written judgment order make it clear that the district court sentenced Peacock to a total of 420 months' imprisonment. Moreover, Peacock failed to raise any issue of ambiguity of his sentence in his brief and therefore waived any potential argument. *See United States v. Darden*, 70 F.3d 1507, 1549 n.18 (8th Cir. 1995) (an argument not raised in an opening brief is considered waived).

Peacock further contends that the district court miscalculated the advisory sentence guidelines range by denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  "A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation." *United States v. Nguyen*, 339 F.3d 688, 690 (8th Cir. 2003).  The district court did not clearly err in finding that Peacock was not entitled to a reduction for acceptance of responsibility based on his subsequent criminal activity.  *See United States v. Byrd*, 76 F.3d 194, 197 (8th Cir. 1996) (holding that a district court could consider a defendant's post-plea criminal activity in denying a reduction for acceptance of responsibility).

Finally, Peacock challenges his sentence as unreasonable, which we review for abuse of discretion.  *See United States v. Lee*, 454 F.3d 836, 838 (8th Cir. 2006).  A district court abuses its discretion in sentencing if it

> fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

*United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).  We presume that a sentence within the properly calculated guidelines range is reasonable.  *Rita v. United States*, 551 U.S. ---, 127 S. Ct. 2456, 2462 (2007).

On appeal, Peacock fails to identify any specific factors the district court should have but failed to consider or any improper or irrelevant factors the district court considered.  At sentencing, the district court acknowledged that the guidelines were advisory and specifically noted that it had considered Peacock's history and characteristics, along with other 18 U.S.C. § 3553(a) factors.  Therefore, we find that

Peacock's 420-month sentence, a sentence within the advisory guidelines, is not unreasonable**.**

Accordingly, we affirm the conviction and sentence.

_____