# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4192

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Dondrick Alex James, | * | |
| also known as Duck, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 7, 2008
Filed: March 6, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Dondrick Alex James pleaded guilty to aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841. The district court[1] sentenced him to 210 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred by applying an obstruction-of-justice enhancement and by failing to award a reduction for acceptance of responsibility. In his pro se brief, James argues

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

that the obstruction-of-justice enhancement was a factor used to increase his sentence based upon a preponderance of the evidence, in violation of United States v. Booker, 543 U.S. 220 (2005), and that the government breached the plea agreement by advocating for the enhancement. James has also moved for appointment of new counsel and to "deny" counsel's Anders brief.

We review for clear error the district court's findings with respect to the obstruction-of-justice increase and an acceptance-of-responsibility reduction. See United States v. Nguyen, 339 F.3d 688, 690 (8th Cir. 2003) (generally acceptance of responsibility is not present when defendant receives enhancement for obstruction of justice, but court may adjust for both provisions in "extraordinary case"). The district court did not err in assessing the enhancement and denying the reduction: while he was out on bond pending sentencing in this matter, James used drugs, was discharged from a drug rehabilitation program for violating rules, and failed to appear at his ensuing revocation hearing resulting in his arrest. See id. at 689, 691-92 (district court did not err in refusing to grant acceptance-of-responsibility reduction where one month before trial defendant absconded for 15 months, did not voluntarily turn himself in, and did not clearly accept responsibility for obstructive conduct); United States v. Thomas, 72 F.3d 92, 93 (8th Cir. 1995) (per curiam) (defendant's absconding from supervision while on bond warranted obstruction-of-justice enhancement); U.S.S.G. § 3C1.1, comment. (n.4(e)) (obstruction enhancement applies if defendant willfully fails to appear, as ordered, for judicial hearing).

We also conclude that James's pro se assertions fail. See United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc) ("Nothing in Booker suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime."); United States v. Archambault, 344 F.3d 732, 737 (8th Cir. 2003) (counsel's failure to argue plea-agreement breach at sentencing waived issue).

Having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we affirm the district court's judgment, we deny James's motions, we dismiss counsel's motion to withdraw as moot since counsel has unfortunately died in the meantime, and call James' attention to the fact that he has the right to file petitions for rehearing and for writ of certiorari.  <u>See</u> attached Plan to Implement the Criminal Justice Act of 1964 section V (as amended Dec. 6, 1994).

_____

PLAN

UNITED STATES COURT OF APPEALS
EIGHTH CIRCUIT

AMENDMENT TO PART V OF THE PLAN
TO IMPLEMENT THE CRIMINAL
JUSTICE ACT OF 1964

————

Adopted December 6, 1994

V.   Duty of Counsel as to Certiorari.

The representation of counsel on appeal, where the appeal has been unsuccessful, shall extend to advising the defendant of the right to file a petition for a writ of certiorari in the Supreme Court of the United States, and to informing the defendant of counsel's opinion as to the merit and likelihood of the success thereof.  If the defendant so requests, and if counsel determines that there is a reasonable likelihood that a petition for a writ of certiorari will be granted (applying the standards set forth in Rule 10 of the rules of the Supreme Court of the United States), representation shall also extend to the preparing and filing of such a petition.

If counsel declines to file a petition for a writ of certiorari requested by the defendant based upon counsel's determination that there is not reasonable likelihood it will be granted, counsel shall so inform the Court and shall file a written motion to withdraw, accompanied by counsel's certification that a copy of the motion was furnished to the defendant.  If the motion to withdraw is granted, counsel shall promptly advise the defendant of the procedures for filing a petition for a writ of certiorari pro se, following which counsel's representation of the defendant shall terminate.