**UNITED STATES of America, Appellee,**

**v.**

**Robert Ersel CONEY, Appellant.**

**No. 91–1980.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1991.

Decided Nov. 20, 1991.

James E. Ostgard, Minneapolis, Minn., argued for appellant.

Nathan Petterson, Minneapolis, Minn. argued (Thomas B. Heffelfinger and Nathan P. Petterson, on brief), for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

Robert Ersel Coney appeals his conviction and guidelines sentence for embezzlement from a federal reserve bank in violation of 18 U.S.C. § 656. We affirm.

Coney worked for an armored car company that contracted with the Minneapolis Federal Reserve Bank to deliver money to other financial institutions. Coney worked on one of the company's armored cars as a "messenger" responsible for accepting and distributing the car's currency or cargo. One day Coney received a bag containing $25,000 he was supposed to deliver to a local bank, but the person responsible for signing out each day's cargo to the messengers failed to have Coney sign for the bag. Coney stole the money.

A federal court jury convicted Coney under 18 U.S.C. § 656, which makes it a felony for persons "connected in any capacity with any Federal Reserve bank ... [to] embezzle[ ], abstract[ ], purloin[ ] or willfully misappl[y] any of the moneys, funds or credits of [the] bank." On appeal Coney contends he was not "connected in any capacity" with the Minneapolis Federal Reserve Bank, and thus cannot be guilty of embezzlement under section 656. We disagree.

As an employee of the armored car company responsible for transporting the bank's currency, Coney was personally entrusted with Federal Reserve funds. Thus, Coney was clearly connected to the Minneapolis Federal Reserve Bank in a capacity captured by the broad language of section 656. *See United States v. Prater,* 805 F.2d 1441, 1446 (11th Cir.1986) (holding in case involving related statute "that the phrase 'connected in any capacity' should be construed broadly to effectuate congressional intent by protecting federally insured lenders from fraud"); *United States v. Harris,* 729 F.2d 441, 445 (7th Cir.1984) (construing phrase in related statute broadly because "the danger of embezzlement is no less when the embezzler happens to be an employee not of the federal agency that owns the property but of a contractor who has custody of it"); *United States v. Rice,* 645 F.2d 691, 693 (9th Cir.) (related statute read broadly to include consultant working for a savings and loan), *cert. denied,* 454 U.S. 862, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981); *United States v. Edick,* 432 F.2d 350, 352 (4th Cir.1970) (employee of bank's subsidiary who was in a position of trust fell within the ambit of section 656).

Coney next contends the district court committed reversible error by giving an erroneous jury instruction. The district court instructed the jury that to find Coney guilty under section 656 it must first find "that [Coney] was an employee of [the armored car company] and was connected with the Minneapolis Federal Reserve Bank." Coney asserts this instruction mislead the jury to believe that because he worked for the armored car company he was "connected in any capacity" with the bank as required by section 656. This argument is without merit.

"It is well established that a defendant is not entitled to a particularly worded instruction.... A district court has wide

discretion in formulating jury instructions and that discretion is not abused when the instructions as a whole accurately and adequately state the relevant law." *United States v. Sleet*, 893 F.2d 947, 949 (8th Cir. 1990) (citations omitted). In this case we are satisfied the district court accurately set forth the relevant law. The district court's instruction clearly states that to convict Coney, the jury must find Coney was both an employee of the armored car company and was connected with the Minneapolis Federal Reserve Bank. In our view there is no danger the jury was mislead by the language of the district court's instruction. Thus, the district court did not abuse its discretion in instructing the jury.

Finally, Coney contends the district court committed error by increasing his guidelines offense level by two levels under U.S.S.G. § 2B1.1(b)(5) for more than minimal planning. Whether a defendant engaged in more than minimal planning is a factual determination we review for clear error. *United States v. Strickland*, 941 F.2d 1047, 1050 (10th Cir.1991). In this case the district court found Coney had stolen money from the armored car's cargo on several earlier occasions and had taken substantial steps to conceal his thefts, including the final theft of $25,000. Given these circumstances, the district court did not commit error by increasing Coney's offense level for more than minimal planning under U.S.S.G. § 2B1.1(b)(5). *See United States v. Callaway*, 943 F.2d 29, 31 (8th Cir.1991) (increase for more than minimal planning proper when defendant engaged in repeated illegal acts over a period of time); *United States v. Culver*, 929 F.2d 389, 393 (8th Cir.1991) (defendant's attempt to conceal crime sufficient to support increase for more than minimal planning).

Accordingly, we affirm Coney's conviction and sentence.