982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Joseph H. BROWN, Appellant.
 No. 92-2407WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 12, 1992.
Filed: January 13, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Government charged Joseph H. Brown and Guadalupe Soto-Terrazas with conspiring with "others known and unknown" to possess with intent to distribute cocaine. See 21 U.S.C. §§ 841(a)(1), 846 (1988). Brown was also charged with three counts of aiding and abetting his sister-in-law distribute cocaine. See id. § 841(a)(1); 18 U.S.C. § 2. A jury convicted Brown on the conspiracy charge and two of the aiding and abetting charges. Brown appeals his conspiracy conviction and sentence. We affirm.
 
 
 2
 First, Brown contends that because only slight evidence links him to Soto-Terrazas, the evidence is insufficient to support his conspiracy conviction. We disagree. To establish a conspiracy charge, the government need only prove the defendant entered into a drug agreement with one other person. See United States v. Watson, 952 F.2d 982, 988 (8th Cir. 1991), cert. denied, 112 S. Ct. 1694 (1992). The other person can be an unnamed, unindicted coconspirator. See United States v. Jones, 880 F.2d 55, 65 n.12 (8th Cir. 1989). Here, there is overwhelming evidence that Brown and his sister-in-law, an unindicted coconspirator, agreed to distribute cocaine. Thus, the evidence is sufficient to sustain Brown's conspiracy conviction.
 
 
 3
 Second, Brown contends there was a variance between the indictment and the Government's proof because the evidence established more than one conspiracy existed. We reject this contention as well. The district court accurately and adequately instructed the jury on multiple conspiracies. See United States v. Coney, 949 F.2d 966, 967-68 (8th Cir. 1991) (defendant is not entitled to a particularly worded instruction). Having viewed the evidence in the light most favorable to the verdict, we conclude it was reasonable for the properly instructed jury to find Brown was a member of the single conspiracy charged in the indictment. See United States v. Holt, 969 F.2d 685, 687 (8th Cir. 1992).
 
 
 4
 Third, Brown contends the district court should not have admitted hearsay statements made by Soto-Terrazas and his sister-in-law because there was not sufficient evidence of a conspiracy between the three. See Fed. R. Evid. 801(d)(2)(E). We conclude the Government proved by a preponderance of evidence that a conspiracy existed and that the statements were made by the coconspirators during the course of and in furtherance of the conspiracy. See United States v. Askew, 958 F.2d 806, 809 n.3 (8th Cir. 1992). Thus, the district court properly admitted the statements under Rule 801(d)(2)(E).
 
 
 5
 Finally, Brown contends the district court miscalculated his base offense level by incorrectly attributing certain quantities of cocaine to him. Brown also contends the district court should not have increased his base offense level for attempting to intimidate a witness. See U.S.S.G. § 3C1.1 (Nov. 1991). Having reviewed the record, we conclude the district court's sentencing findings are not clearly erroneous. See United States v. Nash, 929 F.2d 356, 358, 359 (8th Cir. 1991).
 
 
 6
 Accordingly, we affirm.