# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3433

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *   Appeal from the United States
      v.                           *   District Court for the
                                   *   Eastern District of Arkansas.
Cynthia E. Wade,                   *
                                   *
            Appellant.             *

_____

Submitted:  February 11, 1997

Filed:  April 16, 1997

_____

Before BOWMAN and WOLLMAN, Circuit Judges, and BOGUE,[1] District Judge.

_____

BOWMAN, Circuit Judge.

Cynthia Wade was convicted after a jury trial of two counts of embezzlement from a bank insured by the FDIC, in violation of 18 U.S.C. § 656 (1994). The District Court[2] sentenced her to one day in prison and three years' supervised release. Wade appeals her conviction, and we affirm.

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Wade, who worked as a teller at Eagle Bank & Trust Company, was charged with forging the signature of a bank customer on two counter checks and keeping the proceeds ($1200) for her own use. At the time, Wade was considered by the bank a "temporary-to-permanent" employee; the bank had hired her through a temporary agency, and if her performance was satisfactory during a probationary period, she would be hired permanently. Most of Wade's wages during the period of her employment were paid by the temporary agency, but the bank did pay some wages directly to her. The indictment charged her as an "employee" of the bank, and Wade argues on appeal that, as a matter of law, she was not an employee for purposes of the embezzlement statute.[3]

Section 656 provides in relevant part:

> Whoever, being an officer, director, agent or employee of, or connected in any capacity with any . . . insured bank . . . embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank . . . shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both . . . .

---

[3]The District Court ruled at the close of the government's case that Wade was an employee for purposes of the embezzlement statute, and the jury instructions required the jury to find only that Wade was a "teller" at the bank. Wade does not challenge in her opening brief the division of labor between judge and jury in this case, cf. United States v. Gaudin, 115 S. Ct. 2310, 2320 (1995) (holding that materiality is a jury question in a prosecution under 18 U.S.C. § 1001), and we express no opinion as to whether the question of Wade's status as an employee vel non should have been left for the jury to decide.

In her reply brief, Wade suggests that the question of her employee status should have been submitted to the jury and that the jury instruction on this issue unfairly broadened the indictment. We do not reach these issues, which were not raised in Wade's opening brief. See United States v. Darden, 70 F.3d 1507, 1549 n.18 (8th Cir. 1995), cert. denied, 116 S. Ct. 1449, and cert. denied, 116 S. Ct. 2567 (1996).

-2-

18 U.S.C. § 656 (1994). "Employee," as used in the statute, is not a defined term. We note first that the government could have charged Wade as a person "connected in any capacity" with the bank, for Wade certainly would appear to fit into this broad category, even as a teller hired through a temporary agency. See United States v. Coney, 949 F.2d 966, 967 (8th Cir. 1991) (concluding that employee of armored-car company was "connected with" bank). Nevertheless, we believe Wade may also be considered an employee of the bank for purposes of § 656: she was under the control and supervision of bank personnel; the bank provided the equipment and location for her work; the bank set her hours; the bank paid at least some of her wages to her directly; the work she performed was part of the bank's regular business; and her status as a "temporary-to-permanent" worker at least suggested a long-term employment relationship. See generally Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-24 (1992) (outlining multi-factor test for determining employment relationship when statute does not define "employee"); Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-52 (1989) (same). The District Court thus did not err in concluding that Wade could be held accountable under the embezzlement statute as an employee.

Wade also challenges the sufficiency of the evidence to support her conviction. We consider the evidence in the light most favorable to the verdict, reversing only if no reasonable jury could have found Wade guilty beyond a reasonable doubt. See United States v. Stands, 105 F.3d 1565, 1570 (8th Cir. 1997). The evidence adduced at trial showed that Wade admitted filling out the top portion of both disputed checks; both checks were processed with her teller number; the customer denied signing either check; the signatures on the checks were much more similar to a signature on a Post-it note discovered in Wade's checkbook than they were to

-3-

the exemplar on the customer's signature card; and Wade resigned within an hour after her manager returned her checkbook to her without the Post-it note inside. This evidence is more than sufficient to support Wade's conviction. Despite Wade's arguments to the contrary, the elements of the crime may be proved by circumstantial evidence. See United States v. Eubanks, 68 F.3d 272, 275 (8th Cir. 1995) (affirming conviction even though no one saw defendant take money); United States v. Beran, 546 F.2d 1316, 1321 (8th Cir. 1976) (holding that intent to defraud or injure bank may be inferred from facts and circumstances), cert. denied, 430 U.S. 916 (1977).

Wade's conviction is affirmed.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT