# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1995

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Arend Mathijssen, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 16, 2004
Filed: May 2, 2005

_____

Before WOLLMAN, MAGILL, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Arend Mathijssen pled guilty to the distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). At sentencing, the district court[1] applied an enhancement for the possession of a dangerous weapon and found that Mathijssen qualified as a career offender. United States Sentencing Guidelines Manual (U.S.S.G.) §§ 2D1.1(b)(1) and 4B1.1 (2002). The district court also applied a downward adjustment for acceptance of responsibility and sentenced Mathijssen to 188 months in prison, five years of supervised release, and the mandatory special

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

assessment of $100. On appeal, Mathijssen argues that the knife he was carrying was not a dangerous weapon and that his prior convictions did not qualify as crimes of violence. We affirm.

## I.

Mathijssen was arrested on May 8, 2003, after he completed a previously arranged purchase of methamphetamine with a confidential informant. He sold a bag containing 222.5 grams of methamphetamine to the informant and carried another bag containing 225.5 grams in his car. At the time of his arrest, officers found in Mathijssen's glove a knife having a one-and-a-half inch blade.[2]

In accordance with Mathijssen's plea agreement, the probation office issued a subsequently revised presentence investigation report (PSIR). After conducting an evidentiary hearing regarding the defendant's objections to the enhancements recommended by the PSR, the district court adopted the factual findings in the PSIR and applied both the enhancements and the downward departure for acceptance of responsibility. After finding a total offense level of 31 and a criminal history category VI, resulting in a sentencing range of 188-235 months, the district court sentenced Mathijssen to 188 months.

## II.

Mathijssen makes two arguments in contesting his sentence: (1) that the district court should not have enhanced his sentence for possession of a dangerous weapon because the knife found in his possession was small, dull, and incapable of inflicting serious injury; and (2) that the district court improperly characterized him as a career offender and thus erroneously increased his sentence on that basis.

---

[2]Prior to the arrest, the confidential informant advised the officers that he had observed a small knife in Mathijssen's coat sleeve during an earlier interaction.

We review the application of the sentencing guidelines *de novo* and review the district court's factual findings for clear error. United States v. Sun Bear, 307 F.3d 747, 750 (8th Cir. 2002). We continue to review *de novo* the interpretation and application of the guidelines provisions after United States v. Booker, 125 S. Ct. 738, 765-66 (2005) (excising 18 U.S.C. § 3742(e), but finding that the statute still implicitly provides that federal courts of appeal should review federal sentences "for 'unreasonableness'" in light of the factors set out in section 3553(a)). See United States v. Cole, 395 F.3d 929, 931-32 (8th Cir. 2005) (applying *de novo* review post-Booker, and finding no misapplication of the guidelines because the relevant guideline provision was legally inapplicable in light of undisputed facts).

We conclude that the unreasonableness standard articulated by the Supreme Court in Booker applies only to the district court's determination of the appropriate ultimate sentence to impose based on all the factors in 18 U.S.C. § 3553(a), not to the district court's interpretation of the meaning and applicability of the guidelines themselves. See 18 U.S.C. § 3742(f)(1) (un-excised portion of section 3742 stating that courts of appeals "shall remand" for resentencing if "the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines"); see also United States v. Villegas, No. 03-21220, 2005 WL 627963, at *4 (5th Cir. Mar. 17, 2005) (stating that "nothing suggests that Booker injected a reasonableness standard into the question whether the district court properly interpreted and applied the Guidelines or that an appellate court no longer reviews a district court's interpretation and application of the Guidelines *de novo*"). We must continue to interpret the correct meaning and application of guidelines language, because the district court must continue to determine "the appropriate guidelines sentencing range," as it did pre-Booker, before it considers the other factors in 18 U.S.C. § 3553(a). See United States v. Haack, No. 04-1594, 2005 WL 840124, at *5 (8th Cir. Apr. 13, 2005). The now-advisory guidelines, when correctly applied, become a consideration for the district court in choosing a reasonable ultimate sentence. See Booker, 125 S. Ct. at 766; 18 U.S.C. §§ 3553(a)(4) and (5).

Reasonableness, therefore, may be "directly linked to the district court's misapplication of a relevant Guideline," United States v. Killgo, 397 F.3d 628, 631 (8th Cir. 2005), but is based on broader considerations than whether the guidelines were properly applied. Here, because Mathijssen has alleged only that the district court improperly applied the guidelines, and has not raised any general challenge to his sentence based on the Supreme Court's recent decisions, we apply *de novo* review, and do not need to reach the question of unreasonableness.[3]

The district court applied U.S.S.G. § 2D1.1, finding that the knife that Mathijssen possessed during the drug offense was a dangerous weapon.[4] The guidelines define a "dangerous weapon" as:

> (i) an instrument capable of inflicting death or serious bodily injury; or
> (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument.

U.S.S.G. § 1B1.1, application note 1(D). A knife is a dangerous weapon when used in connection with criminal conduct. See, e.g., United States v. Scott, 91 F.3d 1058, 1064 (8th Cir. 1996). Mathijssen placed the knife where he could easily reach it and where it was visible to the confidential informant. He carried it both when he met the

---

[3]If we were to reach the question of unreasonableness, however, we would nevertheless affirm Mathijssen's sentence as not unreasonable.

[4]Mathijssen has raised on appeal solely the question of whether the district court properly found that the sentencing guidelines definition of "dangerous weapon" applied to his knife, and has not raised any constitutional issues related to whether the district court found facts not established by the plea of guilty that increased his sentence. See Booker, 125 S. Ct. at 756. We therefore do not address whether or not such an issue could have been implicated by the facts of this case. See United States v. Wade, 111 F.3d 602, 603 n.3 (8th Cir. 1997).

informant to arrange the drug purchase, and again when the buy occurred. Although Mathijssen's knife was only one-and-a-half to two inches long, the district court did not commit error when it concluded that the knife was dangerous and was likely "connected with the offense." See U.S.S.G. § 2D1.1, application n.3.

The district court also properly applied the guidelines when it increased Mathijssen's sentence based on its finding that he was a career offender. His prior felonies fall within the definition of crimes of violence under the sentencing guidelines. The guidelines indicate that a defendant is a career offender and should receive a higher offense level if he is over 18 years of age and both the instant offense and at least two prior offenses for which he was convicted are either felony crimes of violence or felony controlled substance offenses. U.S.S.G. § 4B1.1(a); see also Sun Bear, 307 F.3d at 750. An offense is a crime of violence if it is:

> . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Mathijssen's criminal history involves numerous convictions, including two felonies under California law for burglary in 1989 and carjacking in 1994. The district court correctly applied the career offender enhancement based on these convictions. Mathijssen argues that his burglary conviction did not involve a dwelling because he broke into detached garages at an apartment building complex. Our precedent makes clear, however, that burglary is categorically a crime of violence, whether or not it involved intent to harm or actual harm to individuals. See

-5-

United States v. Reynolds, 116 F.3d 328, 330 (8th Cir. 1997); see also United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir. 2002) (stating that "burglary of a commercial building is a crime of violence within the meaning of § 4B1.2(a)").

The California crime of carjacking also qualifies as a crime of violence, as defined in the sentencing guidelines, as a matter of law, based on its statutory elements. California law defines carjacking, punishable by imprisonment for three, five or nine years, as:

> the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, . . . against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, *accomplished by means of force or fear*.

Cal. Penal Code § 215(a) (emphasis added). We have expressly stated that the federal offense of carjacking, involving the taking of a vehicle "from the person or presence of another by force and violence or by intimidation," 18 U.S.C. § 2119, "is a crime of violence" within the meaning of the term in 18 U.S.C. § 924. United States v. Jones, 34 F.3d 596, 601-02 (8th Cir. 1994). The California carjacking offense similarly meets the definition of a crime of violence under the sentencing guidelines because it qualifies independently under both definitions in U.S.S.G. § 4B1.2(a)(1) and (2). It includes as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another" and also "involves conduct that presents a serious potential risk of physical injury to another." Id.

The sentence is affirmed.

_____