# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1078

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Carla Marshall, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |
| | * | |

_____

Submitted: March 4, 2005
Filed: June 2, 2005

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Carla Maria Marshall appeals, arguing that the district court[1] violated *United States v. Booker*, 125 S.Ct. 738 (2005), by enhancing her sentence based on facts not proven beyond a reasonable doubt, and by treating the Sentencing Guidelines as mandatory. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

By the plea agreement, Marshall pleaded guilty to distribution of cocaine, and aiding and abetting the distribution of cocaine. 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); 18 U.S.C. § 2. The Presentence Investigation Report prescribed offense level 26, and criminal history category II – for a sentence range of 70 to 87 months. (The range was calculated based on Marshall's stipulation of 5 to 20 grams of crack-cocaine.) By the plea agreement, Marshall was eligible for a downward adjustment for acceptance of responsibility, potentially resulting in offense level 23, category II – for a sentence range of 51 to 63 months.

Before sentencing, Marshall violated the terms of her release by failing urine tests (testing positive for marijuana and cocaine), failing to appear for an additional test, associating with known drug offenders, and refusing to self-surrender upon court order. At sentencing, the district court denied an acceptance-of-responsibility adjustment and added an enhancement for obstruction of justice. The result was offense level 28, category II – for a sentence range of 87 to 108 months. The district court sentenced Marshall to 87 months.

I.

Marshall argues that the district court violated her Sixth Amendment rights because it enhanced her sentence for obstruction of justice, which was not proven beyond a reasonable doubt. *See Booker*, 125 S.Ct. at 746-47 (citing *Blakely v. Washington*, 542 U.S. ---, 124 S.Ct. 2531, 2537 (2004)). She complains that the enhancement inflated the range *from* 70 to 87 months *to* 87 to 108 months. This court reviews for clear error. *United States v. Mathijssen*, 2005 WL 1005003, at * 2 (8th Cir. May 2, 2005).

The Sixth Amendment is violated if a judge imposes a sentence that is not solely based on "facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S.Ct. at 2537. In *Booker*, the Supreme Court held: "Any fact (other than

a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. 738 at 756. Accordingly, a sentence does not offend the Sixth Amendment if the defendant admits the facts supporting the enhancement. *United States v. Yahnke*, 395 F.3d 823, 825-26 (8th Cir. 2005).

At sentencing, Marshall conceded she failed to appear for pre-trial services due to fear and poor decision-making. She has never contended that an external source prevented her from complying. The Guidelines advise that an enhancement is appropriate where the defendant willfully fails to appear for judicial proceedings. *See* U.S.S.G. § 3C1.1, cmt. n. 4(e). Because Marshall admitted the facts supporting obstruction of justice, the sentence did not violate her Sixth Amendment rights.

II.

Marshall attacks the district court's denial of a downward adjustment for acceptance of responsibility. She emphasizes that she admitted her guilt and assisted the government in locating a co-defendant.

This court reviews a district court's determination of acceptance of responsibility for clear error. *United States v. Patten*, 397 F.3d 1100, 1104 (8th Cir. 2005). A district court's denial of a reduction for acceptance of responsibility will not be reversed unless the facts clearly establish that a defendant has accepted personal responsibility. *United States v. Card*, 390 F.3d 592, 594 (8th Cir. 2004); *see also* U.S.S.G. § 3E1.1.

The district court denied the acceptance-of-responsibility adjustment because Marshall (admittedly) continued to associate with known drug offenders, failed to submit to an additional drug test, and refused to self-surrender in accordance with a

court order. A court may deny acceptance of responsibility where the defendant fails to surrender for judicial proceedings. *See United States v. Shinder*, 8 F.3d 633, 635 (8th Cir. 1993). Moreover, the court found that Marshall obstructed justice. The Guidelines state that an enhancement for obstruction of justice generally indicates the defendant has not accepted responsibility. U.S.S.G. § 3E1.1, n. 4; *see also United States v. Perez*, 270 F.3d 737, 739 (8th Cir. 2001).

Marshall argues that the obstruction-of-justice enhancement does not necessarily preclude an acceptance-of-responsibility adjustment. *See United States v. Honken*, 184 F.3d 961, 967-968 (8th Cir. 1999). True, in an "extraordinary case" a court may sanction a defendant for obstruction, yet grant an adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1, n. 4. Marshall's acceptance of responsibility is not extraordinary. First, Marshall did not voluntarily cease obstructing justice. She was in custody within one day of the court order only because the United States Marshal arrested her. Second, although Marshall denies (ever) using cocaine, traces of cocaine were discovered in her urine. The district court did not clearly err.

## III.

Marshall asserts that her sentence, under a mandatory sentencing scheme, is erroneous under *Booker*,125 S.Ct. at 756-57, 769. Because Marshall did not object to the Guidelines or make an *Apprendi* or *Blakely* argument in the district court, this court reviews for plain error. *United States v. Pirani*, 2005 WL 1039976, at *3 (8th Cir. Apr. 29, 2005) (en banc). To prevail, the defendant must show: 1) error, 2) that is plain, 3) that affects substantial rights, 4) and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002).

Here, the first two factors are satisfied: the district court erred by (understandably) treating the Guidelines as mandatory, and the error is plain at the time of appellate review. *See Pirani*, 2005 WL 1039976, at *4. Marshall, however, fails to show that the error affects a substantial right, that is, a reasonable probability of a lesser sentence. *See id.* at *5. First, though the sentence is at the bottom of the Guidelines range, this "is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the *Booker* error." *Id.* at *7. Second, the district court stated that it would impose an 87-month sentence, if it were considering the (original) 70 to 87 month range. Third, nothing in the record indicates the district court would have given any lesser sentence in this case. Marshall has not met her burden of demonstrating a reasonable probability of a more favorable sentence. *See United States v. Finck*, 2005 WL 1109474, at *5-6 (8th Cir. May 11, 2005).[2]

The judgment of the district court is affirmed.

_____

[2]Marshall does not request unreasonableness review, either in her original or supplemental briefing, nor does this court find a plain error. *See* Rule 52(b); *United States v. Olano*, 507 U.S. 725, 732, 736 (1993).