# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3283

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Pheng Yang, also known as Fuji, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 7, 2005
Filed: September 23, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Pheng Yang appeals the sentence the district court[1] imposed after he pleaded guilty to aiding and abetting the sexual trafficking of minor B.B. He argues that the district court erred in (1) assessing a 2-level increase under U.S.S.G. §§ 2G1.1(d)(1) (multiple victims in commercial sex crime) and 3D1.4(a) (multiple count adjustment) (2003), because he pleaded guilty to one count that involved only one victim; and (2) increasing his offense level under both U.S.S.G. § 2G1.1(b)(1) (offense involved commercial sex act and use of physical force, fraud, or coercion) and (b)(4)(B)

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

(participant unduly influenced minor to engage in commercial sex act), because it was "double counting."

Yang's first argument fails because the district court did not clearly err in finding that the offense of conviction involved a second victim: unobjected-to portions of the presentence report (PSR) indicate a second victim, M.M., was subjected to all of the charged commercial-sex activities. See United States v. Thorn, 413 F.3d 820, 823 (8th Cir. 2005) (facts presented in PSR are deemed admitted unless defendant objects to inclusion of those facts); United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005) (district court's factual findings in application of Guidelines are reviewed for clear error). Further, application of section 2G1.1(d)(1) to the second victim was proper: according to Commentary Application Note 4, section 2G1.1(d)(1) "directs that if the relevant conduct of an offense of conviction" involves more than one victim, "whether specifically cited in the count of conviction, each such victim shall be treated as if contained in a separate count of conviction." See Mathijssen, 406 F.3d at 498 (application of Guidelines is reviewed de novo).

Yang's second argument fails because he agreed to the relevant increases in his plea agreement. See United States v. Barrett, 173 F.3d 682, 684 (8th Cir. 1999) (defendant may not challenge application of Guidelines to which he agreed in plea agreement unless he proves agreement is invalid or succeeds in withdrawing from it).

Accordingly, we affirm.

_____