# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1085

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Earl Anthony Boyd, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 14, 2005
Filed: December 30, 2005

_____

Before ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Earl Anthony Boyd (Boyd) appeals the sentence imposed by the district court[1] following his plea of guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We affirm.

Boyd's sentencing occurred after the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), but before the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). At sentencing, Boyd argued

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

the Guidelines were unconstitutional in light of <u>Blakely</u>, thereby preserving an appeal of his sentence under <u>Booker</u>. <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

At the sentencing hearing, the government sought enhancements for (1) possessing a firearm in connection with a felony offense (specifically, the Arkansas state felony of aggravated assault, <u>see</u> Ark. Code. Ann. § 5-13-204), pursuant to U.S.S.G. § 2K2.1(b)(5); and (2) reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2. In support of the second enhancement, the government presented testimony that Boyd, while fleeing from police with a gun, pushed a bystander who was holding her infant child and then tried to hide the gun in the bystander's stroller. The district court denied the first requested enhancement, but found Boyd had acted recklessly and imposed the second enhancement. The court stated it was not bound by the Guidelines but considered them advisory, and sentenced Boyd to 46 months' imprisonment, the top of the 37- to 46-month range under the Guidelines.

Boyd appeals, arguing the district court violated his Sixth Amendment right under <u>Blakely</u> and <u>Booker</u> by finding he recklessly endangered others during flight rather than submitting these facts to a jury for determination. We have held there is no <u>Booker</u> error if the district court calculates the proper Guidelines sentencing range, treats the Guidelines as advisory, and imposes a reasonable sentence. <u>Pirani</u>, 406 F.3d at 551. In such a case, we review de novo a district court's application of the Guidelines and review its factual findings for clear error. <u>United States v. Mathijssen</u>, 406 F.3d 496, 498 (8th Cir. 2005).

In this case, the district court's findings did not violate Boyd's Sixth Amendment right because the district court treated the Guidelines as advisory rather than mandatory. Furthermore, the district court's findings are not clearly erroneous. Taken as a whole, the testimony by the government's witnesses, including the

arresting officer who observed Boyd's flight, and the bystander who was the victim of Boyd's actions, established Boyd recklessly endangered a woman and her infant child while fleeing from police.

Finally, Boyd claims his sentence is unreasonable. Reviewing the record in light of the sentencing factors in 18 U.S.C. § 3553(a), because the district court correctly applied the Guidelines in deciding Boyd's sentencing range, we conclude his sentence is reasonable. <u>See</u> <u>United States v. Hadash</u>, 408 F.3d 1080, 1082 (8th Cir. 2005).

For the foregoing reasons, we affirm Boyd's sentence.

_____