# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3361

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Tracy Eugene Russell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 2, 2006
Filed: June 6, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Tracy Eugene Russell pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, Russell contended he had possessed the firearm solely for sporting purposes and thus he was entitled to a base offense level of 6 under the "sporting purposes" section of the felon-in-possession Guideline, U.S.S.G. § 2K2.1(b)(2). The district court[*] rejected Russell's argument and assigned him a base offense level of 14 under U.S.S.G. § 2K2.1(b)(2),

_____

[*]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

which applies to those who possess a firearm as a "prohibited person." Russell argues the district court improperly relied on subjective conclusions and speculation.

We review de novo the district court's application of section 2K2.1 and for clear error the court's factual findings. See United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005). Undisputed testimony offered at sentencing showed the firearm was found immediately next to Russell inside an automobile at almost 3:00 in the morning, with a loaded clip nearby and 380 grams of marijuana in the back seat. The occupants of the car had just left a home at which an altercation had occurred. Based on this testimony we agree with the district court Russell failed to discharge his burden of showing he possessed the firearm for lawful sporting purposes or collection within the meaning of section 2K2.1(b)(2). See United States v. Lussier, 423 F.3d 838, 842-43 (8th Cir. 2005) (affirming denial of base offense level of 6 under § 2K2.1(b)(2) where defendant failed to carry his burden of proving how rifle's positioning next to him within automobile related solely to sporting purpose), cert. denied, 126 S. Ct. 1120 (2006).

Accordingly, we affirm.

_____