# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3736
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel T. Aguilar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 27, 2024
Filed: November 22, 2024
[Unpublished]

_____

Before SMITH, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Daniel Aguilar pled guilty to possession of stolen firearms, in violation of 18 U.S.C. § 922(j); two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possession with intent to distribute methamphetamine,

in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). The district court[1] imposed an imprisonment term of 120 months for possessing stolen firearms and terms of 144 months on the remaining counts, all to run concurrently. Aguilar appeals, claiming the district court miscalculated his Sentencing Guidelines range by incorrectly counting a previous California carjacking conviction as a "crime of violence."

In relevant part, the California statute at issue makes it a crime for a person to commit:

> the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, . . . against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear.

Cal. Penal Code § 215(a). While this Court generally reviews *de novo* whether a conviction qualifies as a "crime of violence," see United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016), we review Aguilar's claim for plain error because he did not raise it below, United States v. Gordon, 69 F.4th 932, 933 (8th Cir. 2023) (citations omitted); Fed. R. Crim. P. 52(b). To satisfy the plain error standard, Aguilar must show: (1) there was an error, (2) that is clear or obvious under current law, (3) which affected his substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011).

Although this Court has previously determined that California's carjacking statute qualifies as a crime of violence under both the "force" and "enumerated offense" clauses, United States v. Mathijssen, 406 F.3d 496 (8th Cir. 2005), subsequent decisions from this Court addressing other statutes perhaps cast doubt on the continued validity of Mathijssen, see, e.g., United States v. McMillan, 863 F.3d

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

1053, 1057–58 (2017); United States v. Harris, 950 F.3d 1015, 1018 (8th Cir. 2020); see also United States v. Baldon, 956 F.3d 1115, 1124 (9th Cir. 2020) (concluding California carjacking statute was not categorically a "crime of violence" because its statutory language does not textually limit fear to fear against the person of another, unlike the force clause).  Here, Aguilar's best authority establishing California's carjacking statute is overbroad derives from the Ninth Circuit's decision in Baldon, which is not binding on this Court and cannot establish clear error.  See United States v. Ruzicka, 988 F.3d 997, 1009 (8th Cir. 2021) ("Nonbinding authority alone is insufficient to make a legal proposition clear or obvious under current law.").  Based on existing precedent, the district court did not plainly err in relying on Mathijssen and finding Aguilar's prior carjacking conviction qualifies as a crime of violence under U.S.S.G. § 2K2.1(a)(3).

We affirm the district court's judgment.

_____