# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3383

_____

Dave Dormire,                                         *
                                                      *
      Appellant-Respondent,                  *    Appeal from the United States
                                                      *    District Court for the Eastern
  v.                                               *    District of Missouri.
                                                      *
Raymond Wilkinson,                                    *
                                                      *
      Appellee-Petitioner.                   *
                                                      *

_____

Submitted:  April 10, 2001
Filed:   May 10, 2001

_____

Before  WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and CARMAN[1], Judge.

_____

MURPHY, Circuit Judge.

After the Missouri Court of Appeals affirmed his convictions for attempted robbery, first degree assault, and two counts of armed criminal action and denied him post conviction relief, Raymond Wilkinson filed a habeas petition in federal court. The district court granted his petition, and the State appeals. We reverse.

_____

[1]The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

Wilkinson was arrested in connection with four armed robberies at a rest stop on Interstate 55 in Pemiscot County, Missouri. A suspect had been described by victims as an African American man driving a maroon sports car. Police saw such a car at the rest stop and learned it was registered to Wilkinson. The Pemiscot County sheriff's office put the area under surveillance, and Deputy Sheriff Rodney Ivie spotted Wilkinson's car and followed him as he left the area. Ivie stopped Wilkinson, arrested him, and read him his Miranda rights. Ivie also searched the car and discovered a hand gun under the driver seat. Ivie then transported Wilkinson to the sheriff's office.

After Wilkinson arrived at the sheriff's office, Ivie again read him his rights from a written form. Wilkinson read the form and stated that he understood his rights, but he declined to sign the waiver portion of the form. Wilkinson asked Ivie if he could call his girlfriend, and Ivie told him that he could not. Wilkinson then asked "Could I call my lawyer?" Ivie answered "yes" to that question. Wilkinson did not say anything further about wanting a lawyer, and Ivie asked him about the robberies. Wilkinson initially denied any involvement, then stated that the crimes had been committed by a couple from Arkansas to whom he had loaned his car. He finally told authorities that he was responsible for all the robberies, and signed a written form which contained his statements.

At a hearing the day before trial, Wilkinson moved to suppress his statements to Ivie on the basis that his confession had been obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Ivie, who was the sole witness at the hearing, testified that he had never refused Wilkinson permission to call a lawyer, and that he would have allowed Wilkinson to call counsel if he had asked to do so. He also testified that he would have stopped taking Wilkinson's statement if Wilkinson had indicated that he did not want to continue. There was no evidence that Wilkinson requested termination of the interrogation at any time. The trial court denied the motion to suppress, and a jury subsequently convicted Wilkinson of all four counts. He was sentenced to four consecutive terms of fifteen years imprisonment.

Wilkinson filed a motion for post conviction relief under Missouri Supreme Court Rule 29.15, but it was denied as untimely. On consolidated appeal, the Missouri Court of Appeals affirmed his conviction, as well as the denial of his motion for post conviction relief. See State v. Wilkinson, 861 S.W.2d 746 (Mo.Ct.App. 1993). The state court rejected Wilkinson's contentions that he had invoked his right to counsel and that his rights to counsel and due process of law had been violated by use of his confession. Id. at 749. The court considered Supreme Court decisions on right to counsel, namely Miranda v. Arizona, 384 U.S. 436 (1966), Edwards v. Arizona, 451 U.S. 477 (1981), and Smith v. Illinois, 469 U.S. 91 (1984), as well as a Missouri case construing them, State v. Reese, 795 S.W.2d 69 (Mo.1990) (en banc). Reese had explained that a defendant's rights under Edward and Smith "attach only if the defendant indicates a desire for the assistance of counsel in his dealings with the police." Id. at 749 (a position not inconsistent with the subsequently decided Davis v. United States, 512 U.S. 452 (1994)). The Missouri Court of Appeals determined that Wilkinson "never requested a lawyer to assist him in his dealings with the police," but "merely asked if he could call one." Id. Because "[h]e was given th[e] opportunity [to call an attorney] and, for reasons only known to him, declined to do so," the court concluded that Wilkinson's confession was not taken in violation of his constitutional rights. Id.

Wilkinson then filed a petition in federal district court for writ of habeas corpus under 28 U.S.C. § 2254, alleging four grounds for relief. The district court granted relief on his claim that his conviction was obtained by use of a confession taken in violation of his Miranda rights. It held that the state court decision correctly recognized the clearly established Supreme Court precedent, but that it had unreasonably applied that law. See 28 U.S.C. § 2254(d)(1). The district court cited Edwards for the proposition that once an accused requests counsel, any interrogation must cease until an attorney is present. Wilkinson's question "Could I call my lawyer" was seen by the district court as an unambiguous request for counsel requiring an end to interrogation. The court granted Wilkinson's petition and ordered that his conviction and sentence be vacated, and the State appeals from the judgment.

-3-

Our review of Wilkinson's petition is limited by 28 U.S.C. § 2254(d)(1), which provides that federal courts are prohibited from granting habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Here, the state court correctly identified and cited the holdings of Miranda and its progeny, and habeas relief can only be justified if the state court decision was "unreasonable in applying the governing legal principle to the facts of the case." Ramdass v. Angelone, 530 U.S. 156, 166 (2000).

Miranda v. Arizona established that "a suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right to him before questioning begins." Davis v. United States, 512 U.S. 452, 457 (1994) (citing Miranda). The Court further held in Edwards v. Arizona, 451 U.S. 477, 484-85 (1981), that if an accused expresses his desire to deal with the police only through counsel, he cannot be subjected to further interrogation until a lawyer has been made available unless the suspect himself initiates further communication with the police. In Davis, 512 U.S. at 459 (citations omitted), the Court clarified that "[i]nvocation of the Miranda right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." The Court held there that Davis's statement "Maybe I should talk to a lawyer" was not a request for counsel and that investigators were therefore not required to stop questioning him. Id. at 462. A "suspect must unambiguously request counsel," and if he does not "articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney . . . Edwards does not require that the officers stop questioning the suspect." Id. at 459.

The issue before the court is whether the Missouri state court was "unreasonable" in applying these governing legal precedents to the facts of this case. See Ramdass v. Angelone, 530 U.S. 156, 166 (2000). Under the governing law, questioning may proceed unless a suspect "clearly" and "unambiguously" makes

known his desire to have counsel present. Davis, 512 U.S. at 459. Wilkinson's question was not such a clear and unambiguous request for counsel that Ivie was required to stop his interrogation. Considering the question in context, it is not clear that Wilkinson was actually requesting the presence of an attorney when he asked "Could I call my lawyer?" Wilkinson had just asked whether he could contact his girlfriend, and Ivie had informed him that he could not. Ivie could have reasonably believed in these circumstances that Wilkinson was merely inquiring whether he had the right to call a lawyer, rather than believing that Wilkinson was actually requesting counsel.[2] Indeed, Ivie did not prevent Wilkinson from calling an attorney, and he told him affirmatively that he had the right to call one. Supreme Court precedent does not require the cessation of questioning "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel." Davis, 512 U.S. at 459 (emphasis supplied). We conclude that the state court was not unreasonable in determining that Wilkinson's question "Could I call my lawyer?" was not an unambiguous request for counsel. Other courts have come to the same conclusion when presented with similarly worded statements. See, e.g., Diaz v. Senkowski, 76 F.3d 61, 65 (2d Cir. 1996) ("I think I want a lawyer" not unequivocal invocation of right to counsel); Lord v. Duckworth, 29 F.3d 1216, 1221 (7th Cir. 1994) ("I can't afford a lawyer but is there anyway I can get one?" not a clear request for counsel).

Since the state court did not unreasonably conclude that Wilkinson's reference to an attorney was not a clear invocation of his Fifth Amendment right to counsel, we

---

[2]Wilkinson argues that if Ivie found his question ambiguous, Ivie should have clarified whether he actually wanted an attorney, citing Davis. Although Davis acknowledges that "it will often be good police practice for the interviewing officers to clarify whether or not [a suspect] actually wants an attorney," the Supreme Court expressly "decline[d] to adopt a rule requiring officers to ask clarifying questions." Davis, 512 U.S. at 461. Because Wilkinson's "statement was not an unambiguous or unequivocal request for counsel, the officers ha[d] no obligation to stop questioning him " or to ask clarifying questions. Id. at 461-62.

reverse the judgment of the district court granting Wilkinson habeas relief. We remand the case to the district court for the entry of judgment denying Wilkinson's petition under 28 U.S.C. § 2254.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.