# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1675

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Leroy Mohr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: November 14, 2014
Filed: December 4, 2014

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

The district court[1] denied Richard Mohr's motion to suppress statements Mohr made to police after he claims he invoked his right to counsel. Mohr was

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

subsequently found guilty by a jury on two counts. The district court[2] that sentenced Mohr ordered his counts to be served concurrently, and also ordered that Mohr's federal term of imprisonment was to "run consecutively to any undischarged term of imprisonment." Mohr appeals, arguing the district court erred in denying his motion to suppress, and in making his federal sentence consecutive to his undischarged civil commitment in Illinois. We affirm.

## I.    BACKGROUND

On June 24, 2011, officers interviewed Mohr, who resided in Illinois, about his contact with T.S., a minor living in Iowa. Based on statements he made to the police and other evidence, Mohr was subsequently indicted in Iowa for sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and 2260A, and for attempt to entice a minor to engage in illicit sexual activities, in violation of 18 U.S.C. §§ 2422(b) and 2260A. Thereafter, Mohr filed a motion to suppress the statements he made in the June 24 interview on the grounds that officers continued to question him after he had invoked his right to counsel.

Mohr argues there are two instances in which he invoked his right to counsel. Mohr asserts that as he was walking into the interview room he asked his probation officer, "Should I get a lawyer at this time? . . . I think I should get one." Mohr claims that one of the other officers then responded, "You don't need a lawyer, we're just going to talk. You want to find out what's going on, don't you?" Second, Mohr says the officers asked his permission to record the interview. Mohr did not agree to the recording, and asserts that he said, "I want my lawyer. . . . [I]f you want this recorded, I want a lawyer present." The district court made a legal and factual determination that Mohr's first request for counsel was equivocal, and Mohr's second request for

---

[2]The Honorable John A. Jarvey, United States District Court for the Southern District of Iowa.

counsel was conditional. Accordingly, the district court denied Mohr's motion to suppress. The statements he made during the June 24 interview were later used in Mohr's jury trial, which resulted in a guilty verdict.

The district court sentenced Mohr to 540 months' imprisonment on count one, and 240 months on count two, which the district court ordered to be served concurrently. The judgment also provided that Mohr's federal term of imprisonment "shall run consecutively to any undischarged term of imprisonment." Prior to Mohr's contact with T.S. that resulted in the instant sentence, Mohr had several prior convictions and was a registered sex offender in Illinois. On August 22, 2013, before his jury trial and sentencing on these federal claims, Mohr was civilly committed as a sexually violent person in Illinois for an indeterminate period. Aside from the civil commitment, Mohr was not subject to any other undischarged term of imprisonment at the time of his sentencing for the instant offense.

## II.    DISCUSSION

When reviewing the denial of a motion to suppress, we review the district court's legal conclusions de novo and the factual findings for clear error. United States v. Zamora-Lopez, 685 F.3d 787, 789 (8th Cir. 2012). We review the interpretation and application of the sentencing guidelines de novo. United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005).

### A.    Motion to Suppress

As to the denial of the motion to suppress, we agree with the district court that the evidence shows that Mohr did not unequivocally and unconditionally invoke his right to counsel under Miranda v. Arizona, 384 U.S. 436 (1966). Officers are only required to cease questioning if a suspect's request for an attorney is clear and unambiguous, Davis v. United States, 512 U.S. 452, 461-62 (1994), and the Supreme

-3-

Court has declined to adopt a rule requiring officers to clarify ambiguous requests for counsel. Id. at 461.

In regard to his first request for counsel, Mohr argues that the officer's statement that he did not need a lawyer because they were "just going to talk" was deceptive, and therefore obviated any waiver or consent Mohr gave with regard to his Miranda rights. At the suppression hearing, one of the officers present at the June 24 interview testified Mohr never requested a lawyer, and the district court determined that Mohr's claim that an officer said, "you don't need a lawyer" was not credible, especially given the fact that Mohr was presented with–and signed–a Miranda warning just a few minutes later. A district court's findings regarding witness credibility are entitled to "particularly great deference" and a district court's decision to credit a witness's testimony "can almost never be a clear error unless there is extrinsic evidence that contradicts the witness's story." United States v. Wright, 739 F.3d 1160, 1166-67 (8th Cir. 2014). There is nothing in the record that indicates the district court committed clear error in making this factual determination, and accordingly we find no basis for concluding that Mohr's waiver of his Miranda rights was procured through deception. Furthermore, Mohr's statement "I think I should get [a lawyer]" was not an unequivocal invocation of his right to counsel. See Davis, 512 U.S. at 462 (holding that the phrase "maybe I should talk to a lawyer" was not a request for counsel).

With regard to Mohr's second request for counsel, the district court held that this request was conditioned on whether the interview was recorded, and that since the interview was not recorded, Mohr's condition for requiring counsel was not met. The question then is whether Mohr's statement was sufficiently clear that in light of the circumstances a reasonable officer would have understood that Mohr was unconditionally asking for a lawyer and not just that he "*might* be invoking the right to counsel." Id. at 459. Since the officers had just asked Mohr if they could record the interview, under the circumstances a reasonable officer could have understood

Mohr's statement to mean he was only requesting a lawyer *if* the interview was going to be recorded. See Dormire v. Wilkinson, 249 F.3d 801, 805 (8th Cir. 2001) (holding in a habeas action that the statement "Could I call my lawyer?" was not an unambiguous request for counsel because under the circumstances a reasonable officer could have believed the suspect was "merely inquiring whether he had the right to call a lawyer"). Thus, the district court did not err in finding Mohr's statements were ambiguous and insufficient to invoke his right to counsel. Accordingly, we find that the district court ruling concerning Mohr's motion to suppress was correct.

## B.      Sentencing

Mohr argues the district court erred in making his federal sentence consecutive to his undischarged term of civil commitment in Illinois. We disagree, and find any error the district court may have made harmless.

We read Mohr's judgment as to *not* include his civil commitment in Illinois. The United States Sentencing Guidelines Manuel (U.S.S.G.) § 5G1.3 governs imposition of a sentence when the defendant is subject to an undischarged term of imprisonment. Section 5G1.3 does not define what qualifies as a term of "imprisonment," but the term is used throughout the U.S.S.G. to "denote time in a penal institution." United States v. Phipps, 68 F.3d 159, 162 (7th Cir. 1995); cf. United States v. Landeros-Arreola, 260 F.3d 407, 414 (5th Cir. 2001) (citing with approval to Phipps in holding that home detention is not imprisonment). Conversely, Mohr's commitment in Illinois as a sexually violent person is civil, not criminal, in nature. In re Detention of Samuelson, 189 Ill.2d 548, 559 (Ill. 2000). The district court did not specifically reference Mohr's civil commitment in its judgment and, based on the common understanding of what "imprisonment" means in the Guidelines, Mohr's civil commitment cannot be understood to qualify as a term of imprisonment. Thus, Mohr's assertion that the district court's judgment made his

federal sentence consecutive to his Illinois civil commitment as a sexually violent person is incorrect, and accordingly not error.

Mohr further argues that the Federal Bureau of Prisons (BOP) might erroneously treat his civil commitment as the "undischarged term of imprisonment" referred to in the judgment, since at the time of the judgment his civil commitment was the only "undischarged term" to which he was subject. This, he asserts, might lead to an error in computation of credit for time served. We believe these concerns to be unfounded. At the time his reply brief was filed with this court, Mohr asserted that whether he was in federal BOP custody was unclear. Mohr argued that the BOP might improperly interpret his federal judgment to mean that his federal sentence should begin after his release from Illinois civil commitment. However, in the intervening time, it has become clear that Mohr is currently serving his federal sentence at the United States Penitentiary in Tucson, Arizona, with a release date set for December 8, 2052. Furthermore, this opinion removes any possible future confusion about how Mohr's federal sentence should be treated in relation to his Illinois civil commitment. Lastly, to the extent–if any–that Mohr has not been given credit against his federal sentence for prior time served, his remedy would be to seek a writ of habeas corpus. See 28 U.S.C. § 2241; Setser v. United States, 132 S. Ct. 1463, 1473 (2012). Thus, since the inclusion of the "undischarged term" language does not affect Mohr's substantial rights, if any error exists it is harmless. See Fed. R. Crim. P. 52(a).

## III.   CONCLUSION

For the foregoing reasons, we affirm the district court's denial of the motion to suppress, and affirm the sentencing judgment, noting that the language "this term of imprisonment shall run consecutively to any undischarged term of imprisonment" does not apply to Mohr's Illinois civil commitment as a sexually violent person.

_____