# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1833

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher John Mayne

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: February 12, 2015
Filed: April 14, 2015

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Police searched Christopher John Mayne's vehicle, seizing 180 pseudoephedrine pills, methamphetamine, and other items used to manufacture meth. He pled guilty to possession of pseudoephedrine knowing it would be used to manufacture meth, in violation of 21 U.S.C. § 841(c)(2). Mayne had three prior

felonies. The district court[1] determined he was a career offender under section 4B1.1 of the federal sentencing guidelines. Mayne appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court reviews the "interpretation and application of the sentencing guidelines de novo." *United States v. Mohr*, 772 F.3d 1143, 1145 (8th Cir. 2014).

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

**U.S.S.G. § 4B1.1(a)**. Mayne believes he is not a career offender because he interprets "controlled substance offense" not to include his instant offense.

A "controlled substance offense" is a law "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* **§ 4B1.2(b)**. Mayne relies on Application Note 1 of section 4B1.2, which specifically lists § 841(c)(1) as a "controlled substance offense," but does not list § 841(c)(2).[2] *Id.* **§ 4B1.2, cmt. n.1**.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

[2]21 U.S.C. § 841(c) provides:

Any person who knowingly or intentionally—

(1) possesses a listed chemical with intent to manufacture a controlled

Mayne's interpretation is not persuasive. In 28 U.S.C. § 994, Congress directed the Sentencing Commission to promulgate the sentencing guidelines. Subsection (h) provides:

> (h) The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—
>> (1) has been convicted of a felony that is—
>>> (A) a crime of violence; or
>>> (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. *841*), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and chapter 705 of title 46; and
>> (2) has previously been convicted of two or more prior felonies, each of which is—
>>> (A) a crime of violence; or
>>> (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. *841*), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and chapter 705 of title 46.

---

substance except as authorized by this subchapter;

(2) possesses or distributes a listed chemical knowing, or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance except as authorized by this subchapter; . . .

. . . .

shall be fined in accordance with Title 18 or imprisoned not more than 20 years in the case of a violation of paragraph (1) or (2) involving a list I chemical or not more than 10 years in the case of a violation of this subsection other than a violation of paragraph (1) or (2) involving a list I chemical, or both.

-3-

**28 U.S.C. § 994(h)** (emphases added).  In response, the Commission created section 4B1.1, the Career Offender guideline.  Section 994(h) includes any § 841 offense (that is a felony conviction).  Section 994(h) "does not define the *only* crimes for which the Commission may specify a sentence at or near the maximum." ***United States v. Baker***, 16 F.3d 854, 857 (8th Cir. 1994).  But, § 994(h) "merely declares that the enumerated crimes must be so treated."  ***Id.***

Application Note 1 does not provide an exhaustive list of "controlled substance offenses."  The Commission addressed § 841(c)(1) in response to a circuit conflict about whether possession of a listed chemical with intent to manufacture a controlled substance is a "controlled substance offense."  ***United States Sentencing Commission, Guidelines Manual***, *app. C.*, amend. 568 (2003) (eff. Nov. 1, 1997).  The Commission did not address § 841(c)(2) in Application Note 1 because it was not at issue in the circuit cases.  *Compare* ***United States v. Calverley***, 11 F.3d 505, 511-12 (5th Cir. 1993) (holding that possession of listed chemical with intent to manufacture controlled substance is "controlled substance offense"), *aff'd en banc*, 37 F.3d 160, 165 (5th Cir. 1994), *with* ***United States v. Wagner***, 994 F.2d 1467, 1475 (10th Cir. 1993) (contra), *superseded by* U.S.S.G. § 4B1.2, cmt. n.1 (1997) *as recognized in* ***United States v. Smith***, 433 F.3d 714, 717 (10th Cir. 2006).  The Commission's omission of § 841(c)(2) in Application Note 1 does not override the directive of § 994(h).  *See* ***United States v. Stoneking***, 60 F.3d 399, 402 (8th Cir. 1995) (en banc) (explaining that Commission's commentary is binding unless trumped by a federal statute).

This court holds that a conviction under § 841(c)(2) is a "controlled substance offense" for purposes of section 4B1.1, the Career Offender guideline.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-4-